## MICHIGAN TRANSPORTATION COMPANY v. GOOD

NEGLIGENCE — IMPUTED CONTRIBUTORY NEGLIGENCE — EMPLOYER-EMPLOYEE RELATIONSHIP.

> The doctrine of imputed contributory negligence has not been abolished in employer-employee situations, where the employer is usually engaged in profit making and seeks only to recover for property damage; the negligence of the employee will be imputed to the employer to prevent recovery for damage to a truck driven by the employee which was in a collision with defendant's motor vehicle.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 December 5, 1968, at Detroit. (Docket No. 3,848.) Decided February 27, 1969.

Complaint by Michigan Transportation Company, a Michigan corporation, and Great American Insurance Company, subrogee of Michigan Transportation Company, against William Carl Good for motor vehicle negligence. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Koperski & Spires,* for plaintiffs.

*Garan, Lucow & Miller,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE

38 Am Jur, Negligence §§ 234–254.
Contributory negligence of driver of motor vehicle as imputable to owner under statute making owner responsible for negligence of driver, 11 ALR2d 1437.

BEFORE: LEVIN, P. J., and HOLBROOK and ROOD,* JJ.

PER CURIAM. This action followed a collision between 2 motor vehicles. Plaintiff Michigan Transportation Company's vehicle was driven by one of its employees. Plaintiffs brought this action in an effort to recover for damages caused Michigan Transportation Company's vehicle in the collision. The trial judge denied recovery after finding that both drivers were negligent and concluding that plaintiffs could not recover because of the imputation to plaintiff Michigan Transportation Company of its driver's negligence.

The question presented is whether the contributory negligence of a driver-employee acting within the scope of his employment bars his employer and the employer's subrogee from recovering for damage to the employer's property caused by the negligence of both the employee and a third party.

That question was recently considered and decided by our Court in *Nagele-Kelly Manufacturing Company* v. *Hannak* (1968), 13 Mich App 427. In that case we said that, while the doctrine of imputed contributory negligence has a bad reputation and has been abrogated in most applications, we were convinced that the Michigan Supreme Court had refused to abolish application of that doctrine in an employer's suit to recover for property damage.

The plaintiffs assert that there is no rational basis for refusing to impute the negligence of a driver to his passenger or his vicariously liable owner or of one spouse to another and yet to continue to impute the negligence of an employee to his vicariously liable employer in a suit by the employer seeking to recover for damages done to his property. How-

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

ever, we think a distinction might properly be drawn on the ground that the employer is ordinarily engaged in a profit-making venture while in the other situations referred to that is not ordinarily the case. See *Nagele-Kelly Manufacturing Company* v. *Hannak, supra,* page 432, footnote 6.

Be that as it may, the plaintiffs concede that no State court has abolished the imputed contributory negligence doctrine in the employer-employee situation where the employer seeks to recover for property damage, as distinguished from an action by the employer for personal injuries suffered as a passenger in a car driven by his employee. That being the case and the Michigan Supreme Court having refused to go that far in abolition of the doctrine (see *Universal Underwriters Insurance Company* v. *Hoxie* [1965], 375 Mich 102), we adhere to our holding in *Nagele-Kelly Manufacturing Company* v. *Hannak, supra.*[1]

Affirmed. Costs to appellee.

---

[1] See the opinions in *Abendschein* v. *Farrell* (1968), 11 Mich App 662, regarding a rule of law overruled in other jurisdictions but not as yet reconsidered by our Supreme Court. See, also, *Maxwell* v. *Maxwell* (1969), 15 Mich App 607, concerning a rule of law adhered to by our Supreme Court after reconsideration.