MARGARET EICHER, A MINOR, BY ELDON EICHER, HER FATHER AND NATURAL GUARDIAN, AND ANOTHER v. RICHARD L. JONES AND OTHERS. CATHERINE A. EICHER, APPELLANT.

173 N. W. (2d) 427.

January 2, 1970—No. 41236.

*Cummins, Cummins & Gislason* and *Paul A. Joyce, Jr.*, for appellant.

*Hvass, Weisman, King & Allen* and *Frank J. Brixius*, for respondent plaintiffs.

*Mordaunt, Walstad, Cousineau & McGuire*, for respondent defendants.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

Appeal by defendant Catherine A. Eicher from an order denying her motion for summary judgment and certifying that the question presented was important and doubtful pursuant to Minn. St. 605.09(i).

The action herein was brought by Eldon Eicher, individually, and on behalf of his unemancipated minor daughter, Margaret, against Richard L. Jones, George Lautz, and defendant-appellant, who is the mother of Margaret and Eldon's wife, for personal injuries sustained by Margaret in an automobile accident which occurred February 19, 1966, at the intersection of Grand and Hamline Avenues in the city of St. Paul. Plaintiffs alleged negligence on the part of defendant-appellant, who was the driver of the car in which the child was a passenger. Eldon Eicher also asserted a derivative action against his wife. Defendant-respondents, who were the driver and owner of the other car involved in the accident, cross-claimed against Catherine Eicher for contribution or indemnity.

Defendant-appellant moved for summary judgment. The motion was denied on October 4, 1967, and she served notice of appeal to the supreme court on November 30, 1967, but delayed filing her brief as appellant until February 5, 1969. Accompanying the trial judge's order denying the motion for summary judgment was a certification that the minor-parent immunity question was important and doubtful.

A discussion of Silesky v. Kelman, 281 Minn. 431, 161 N. W. (2d) 631, is crucial to the disposition of the instant case. On September 27, 1968, this court filed the Silesky decision abrogating parent-child tort immunity except where the negligent act involves the exercise of reasonable parental authority or an exercise of ordinary parental discretion with respect to the provision of necessities. Somewhat earlier, in Balts v. Balts, 273 Minn. 419, 142 N. W. (2d) 66 (1966), this court had partially abrogated the rule by allowing recovery in a tort action by a parent against his unemancipated minor child. Both the Silesky and Balts decisions were applied prospectively except with respect to the parties in the respective cases.

Defendant-appellant in this case bases her entire argument on the fact that the Silesky decision was given prospective effect, contending that since the accident of February 19, 1966, which gave rise to the instant case, occurred prior to September 27, 1968, the filing date of the Silesky opinion, she is entitled to assert the defense of parental immunity from suit.

In Silesky we stated that the immunity no longer applies to causes of action arising on or after September 27, 1968. Obviously, the cause of action here arose before that date. However, the circumstances of the instant case make it unique. Here the accident occurred prior to the accident in Silesky, that is, February 19, 1966, as opposed to October 16, 1966, when the Silesky accident occurred. The action now before us was commenced on April 26, 1966, prior to the Silesky action, which was not commenced until February 20, 1967. Following denial of her motion for summary judgment on October 4, 1967, defendant-appellant in the case at bar served notice of appeal on November 30, 1967. On June 21, 1968, her attorneys sent a letter to the clerk of the supreme court requesting an extension of the time for filing her brief due to the pendency of Silesky and pointing out that the parties involved had agreed Silesky would be controlling. However, on November 20, 1968, after the Silesky opinion had been filed, defendant-appellant's counsel addressed another letter to

the clerk of the supreme court requesting another extension of time for submitting briefs and stating that Silesky "has not had the effect we planned" and that they intended to proceed with the appeal.

If the parties had not agreed to continue the appeal and to await the decision in Silesky, then these two cases most likely would have been consolidated and argued together before this court. The retroactivity portion of the Silesky decision would then have been equally applicable to the issues present in the instant case.

A problem similar to the one before us here arose in Molitor v. Kaneland Community Unit Dist. No. 302, 24 Ill. (2d) 467, 182 N. E. (2d) 145. In that case, plaintiff and a number of other children were injured while passengers in a school bus which became involved in an accident. Suits were filed against the school district on behalf of the injured children. The school district asserted immunity, and the trial judge suggested that to expedite review one litigant appeal the question to the supreme court. The cost of the appeal was to be borne by all plaintiffs in the lawsuit. On appeal, the Illinois Supreme Court abrogated the doctrine of tort immunity for school districts and, upon rehearing, applied the ruling prospectively except as to the plaintiff in that case. Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill. (2d) 11, 163 N. E. (2d) 89, 86 A. L. R. (2d) 469. A subsequent lower court decision held that the prospective overruling prevented the other plaintiffs who were involved in the accident from bringing suit, since the cause of action arose prior to the filing of the first Molitor opinion. Molitor v. Kaneland Community Unit Dist. No. 302, 29 Ill. App. (2d) 471, 173 N. E. (2d) 599.

On appeal, the Illinois Supreme Court reversed, holding that, though there was no written stipulation that the rule applied in the first appeal would be the basis for determining the other cases pending against the defendant, the conduct of the parties and the trial court indicated that it was their common under-

standing that the supreme court's ruling would be the basis for determining the other claims arising out of the same accident. Thus, the new rule abolishing tort immunity of school districts was applied to the other children. Molitor v. Kaneland Community Unit Dist. No. 302, 24 Ill. (2d) 467, 182 N. E. (2d) 145.

Although the case at bar and Silesky did not arise out of the same accident, as in Molitor, the two cases were pending before this court contemporaneously, and the parties in the instant matter originally agreed to be bound by this court's ruling in Silesky. Plaintiffs delayed further action on their appeal. Therefore, they argue, this court should apply the Silesky rule, abrogating the defense of parent-child tort immunity in this case also. It is not clear from the record whether or not they are asking us to overrule the prospective portion of Silesky and make it entirely retroactive or merely to hold it retroactive as to the instant case. If they request the former, we are not disposed to oblige.

Plaintiffs contend that the arguments in favor of prospective overruling only—that people rely on and plan their conduct in advance in accordance with existing law, and that stability should be protected in an area where society has recognized stability to be important—apply only to the subjects of property or contract law and do not apply to a suit in tort by a child against his parent, since in the latter situation no reliance is involved. Despite plaintiffs' position, there still is substantial reliance upon the parent-child tort immunity as it existed prior to Silesky. Although the bar of the statute of limitations, Minn. St. 541.15, is postponed until one year after a minor attains his majority, insurers most likely have refrained from intensive investigation of facts and have probably disposed of their records in reliance on the existence of intrafamily tort immunity, whereas they otherwise would not have done so in view of the extension of the limitation period applicable to minors. See, Vickers v. Vickers, 109 N. H. 69, 242 A. (2d) 57. Since our statute of limitations provides that a child has until one year after his majority to bring suit for injuries sustained during his minority,

retroactive application of Silesky could conceivably result in suits by minors for injuries sustained as a result of accidents occurring more than 20 years prior to the Silesky decision. See, Fitzgerald v. Meissner & Hicks, Inc. 38 Wis. (2d) 571, 578, 157 N. W. (2d) 595, 598. Retroactivity is also denied in situations where it would excessively burden the administration of justice. See, Annotation, 10 A. L. R. (3d) 1371, 1384.

We conclude that the portions of Silesky and Balts which apply the partial abrogation of the intrafamily tort immunity doctrine prospectively only should not be overruled so as to result in general application of the rule retroactively. The abrogation should apply retroactively in the single situation involving the parties in the instant case, since, not only were both this case and Silesky pending before this court contemporaneously, but the parties in this case agreed in effect that it should be controlled by Silesky as if they had been parties to that appeal. Furthermore, it is most likely that if the parties had not so agreed and an application had been made to consolidate these two cases for argument before this court, it would have been granted.

Affirmed.