# JAMES H. PIERSON v. MERLE A. EDSTROM.

174 N. W. (2d) 712.

February 13, 1970—No. 41783.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *M. J. Coyne,* for appellant.

*Carroll, Cronan, Roth & Austin* and *Edward R. Soshnik,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a judgment for defendant.

The facts were previously reported in Pierson v. Edstrom, 281 Minn. 102, 160 N. W. (2d) 563, where we granted plaintiff a new trial on the grounds of erroneous admission of prejudicial testimony. For purposes of this appeal the facts are summarized below.

On February 6, 1965, plaintiff, James H. Pierson, called his wife at 12:30 or 1 a. m. and told her his Renault had stalled on Highway No. 52 and he wanted her to give him a push. He told her to drive carefully as it was foggy. She dressed and drove their second car, a Chevrolet, to the North Star Cafe, where he was waiting. After eating, they left the cafe at about 2:30 a. m. His wife drove plaintiff to the Renault and stopped off the road on the shoulder. Plaintiff got out and directed her in lining up the bumpers of the two cars. He then gave her instructions on how to push a car to get it started because she had never done that before.

She pushed him south on Highway No. 52, a four-lane highway, and, after the Renault started, she followed it at a distance. After a short time, however, she noticed it slowing down. Plaintiff coasted the Renault to a stop, well off the highway on the blacktop shoulder at a point where the highway was level and straight. Plaintiff's wife pulled alongside the Renault and plaintiff told her he was going to leave it. He told her to pull up in front of

the Renault so as to be completely on the shoulder because she was then stopped with one-half the width of her car in the right lane of the highway.

Defendant Merle Edstrom, driving a 1960 Chevrolet, was about 90 feet in back of where the Piersons were stopped when he noticed the four taillights. He claimed he was only going 30 miles per hour. When he was 60 feet away, he realized the cars were standing still. Slamming on his brakes, he swerved to the right. It would have been possible for him to go to the left and completely avoid the accident, but he made a quick decision that it would be better to try for the ditch on the right. Defendant's car smashed into the rear end of the Renault, sending it forward 100 feet. Then his car fishtailed into the wife's car and sent it 25 feet forward. Defendant's car came to rest 66 feet from the point of impact.

Plaintiff was the only one injured. He suffered a basal skull fracture which caused his memory to be impaired and damage to a muscle in his left eye which caused double vision and could only be partially corrected by surgery.

The jury, in a special verdict, found that defendant was negligent; that his negligence was a proximate cause of the accident; and that plaintiff was not negligent. It also found that plaintiff and his wife were engaged in a joint enterprise at the time of the accident and that plaintiff's wife was negligent and her negligence was a proximate cause of the accident. Damages were assessed at $40,000.

The trial judge ruled that because the Piersons were engaged in a joint enterprise the negligence of the wife must be imputed to plaintiff and hence would bar his recovery.[1] Judgment was entered for defendant and plaintiff appeals.

---

[1] The judge in his memorandum stated that he was not unaware of the case of Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. (2d) 540, and the inferences that could and probably should be drawn from that decision but said that his obligation as a trial judge is to apply existing law in arriving at a decision. We agree that, based on

Plaintiff raises two issues on this appeal. The first is that the evidence is insufficient to support the finding that he and his wife were engaged in a joint enterprise. The second is that the rule which imputes the negligence of one joint venturer to another to bar his recovery against a negligent third party should be abolished.

■ In order to establish a joint enterprise, two elements must be present, namely, (1) a mutual undertaking for a common purpose, and (2) a right to a voice in the direction and control of the means used to carry out the common purpose. Murphy v. Keating, 204 Minn. 269, 273, 283 N. W. 389, 392; Ruth v. Hutchinson Gas Co. 209 Minn. 248, 296 N. W. 136.[2] The right to control means that all involved in the undertaking must have a joint or mutual right to direct the agency used to carry out the common purpose. Burdick v. Bongard, 256 Minn. 24, 96 N. W. (2d) 868; Sowada v. Motzko, 256 Minn. 395, 98 N. W. (2d) 182. It is not necessary that the right to control actually be exercised. Murphy v. Keating, *supra.*

We find the evidence supports the finding that plaintiff and his wife were engaged in a joint enterprise. First, they were mutually engaged in attempting to start plaintiff's Renault.[3] This was a common purpose, not a situation where two or more persons are acting together for their own separate reasons. Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945. See, also, Sherman v. Korff,

the existing law at the time the judge ruled on the case, he was correct even though we are abolishing the rule on this appeal.

[2] A third element, a pecuniary interest, is necessary in some states but not Minnesota. See, Sumner v. Amacher, 150 Mont. 544, 437 P. (2d) 630, and cases cited.

[3] See Zylka v. Leikvoll, 274 Minn. 435, 447, 144 N. W. (2d) 358, 367, where the court said that where an owner of a car and a service station attendant were engaged in trying to start the car, these facts would be sufficient to support, if not compel, a finding they were engaged in a joint enterprise.

353 Mich. 387, 91 N. W. (2d) 485. Secondly, each had the right to control the operation of the Chevrolet which plaintiff's wife was driving. As the driver she was immediately responsible for its operation. Plaintiff, as the one who was directing her in the endeavor to start the Renault, had the right to control its operation during the period they were trying to start the other car. Both cars were registered in plaintiff's name. There is evidence that plaintiff actually exercised control of the Chevrolet because he directed her in lining up the bumpers, told her how to push a car, and when she pulled alongside, told her to pull off the road onto the shoulder. From this, the jury could have concluded plaintiff and his wife were engaged in a joint enterprise.

■ Plaintiff requests that we abolish the rule which imputes the negligence of one joint venturer to another to bar his recovery against a negligent third party. This rule is followed in most jurisdictions and has been adopted in Restatement, Torts (2d) § 491(1), which states:

"Any one of several persons engaged in a joint enterprise, such as to make each member of the group responsible for physical harm to other persons caused by the negligence of any member, is barred from recovery against such other persons by the negligence of any member of the group."

In Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. (2d) 540, this court abolished the rule that the negligence of a servant is imputed to a master so as to bar his recovery against a negligent third party. In that case, plaintiff was riding in a truck he owned. It was being driven by one Sunken, his employee, when it collided with a truck owned and being driven by defendant's employee. The jury was instructed that any negligence of Sunken be imputed to plaintiff. This court stated that the instruction correctly stated the law as it then existed but decided that the doctrine of imputed contributory negligence was defensible only on grounds of its antiquity and, therefore, abolished it as to master and servant. The court made its holding applicable

only to automobile negligence cases, reserving the right to decide other kinds of cases as they arose.

Plaintiff contends that the reasons for abolishing the rule in master-servant cases are present in the joint-enterprise cases and that we should extend Weber to include these cases.

The rule which imputes contributory negligence in these situations is a result of judicial logic and reasoning. The master was held liable to third parties for the negligence of his servant and joint venturers were held liable to third parties for the negligence of one; therefore, it followed that they would be held accountable for the contributory negligence of the servant or co-adventurer. See, Gregory, *Vicarious Responsibility and Contributory Negligence,* 41 Yale L. Rev. 831. This became known as the both-ways rule. At one time it was applicable in many other situations where any relationship existed between plaintiff and a contributorially negligent person. Those situations where recovery was formerly barred by contributory negligence of another but is no longer, as listed in Restatement, Torts (2d), are: Husband and wife, § 487; parent and child, § 488; passenger or guest in vehicle, § 490; contributory negligence of one beneficiary under wrongful death statute, § 493. The rule has been dropped by Restatement, Torts (2d) in all but these three situations: Master and servant, § 486; joint enterprise, § 491; and wrongful death where deceased was negligent, § 494.

The rule of imputed contributory negligence has been undergoing change in our jurisdiction for many years. In 1905 this court overruled the decision which held that the contributory negligence of a parent must be imputed to the child. Mattson v. Minnesota & N. Wis. R. Co. 95 Minn. 477, 104 N. W. 443, 70 L. R. A. 503, overruling Fitzgerald v. St. Paul, M. & M. Ry. 29 Minn. 336, 13 N. W. 168. In 1937 this court abolished the rule which imputed the contributory negligence of one spouse to the other based solely on the fact of the marital relationship. Olson v. Kennedy Trading Co. 199 Minn. 493, 272 N. W. 381. In 1943 Minnesota abolished the rule in cases involving bailor-bailee

under the Safety Responsibility Act. Christensen v. Hennepin Transp. Co. Inc. *supra*. In 1966 Weber v. Stokely-Van Camp, Inc. *supra*, abolished imputed contributory negligence as to master and servant.

The reasons for abolishing the rule as to master and servant in Weber are (1) that negligence law is based on personal fault and by hypothesis in imputed contributory negligence, the master is faultless, therefore, it is unfair to deny him recovery; (2) the purpose of imputing to the master the negligence of his servant is to provide a financially responsible defendant for injured third parties but this policy is not applicable when imputing the contributory negligence of the servant to the master to bar his recovery from negligent third parties; and (3) that the rule is justified on the ground that the master can control the servant but nothing could be more dangerous than having employers act as back-seat drivers while the employee is at the wheel.

The reasons for abolishing the rule in the bailor-bailee and master-servant cases exist as well in the joint-enterprise cases. In all three, the plaintiff himself is blameless. In all three, the reasons which would have made the plaintiff vicariously liable, i. e. providing a financially responsible person to injured third parties, are totally absent when that person is himself suing a negligent third party. In each of these types of cases—bailor-bailee under the Safety Responsibility Act, master-servant, and joint-enterprise—the purpose of so defining the relationship is to increase the number of those liable, but the imputed contributory negligence rule has just the opposite effect. It frees from liability a third party who has been at fault even though the person denied recovery is blameless.

Most textwriters are in agreement that the rule of imputed contributory negligence is unsound. In arriving at that conclusion they make no distinction between bailor-bailee, master-servant, or joint-enterprise relationships. See, Gregory, *Vicarious Responsibility and Contributory Negligence, supra;* James, *Imputed Contributory Negligence,* 14 La. L. Rev. 340;

Henniss, *Imputed Contributory Negligence*, 26 Tenn. L. Rev. 531; Harper and James, Law of Torts, § 23.6; Prosser, Torts (3 ed.) § 73.

We hold that the rule which imputes negligence of one joint venturer to another so as to bar his right of recovery against a negligent third party is abandoned. In accordance with Weber v. Stokely-Van Camp, Inc. *supra,* this holding is limited to automobile negligence cases. Other types will be decided as they arise. Also, except as to the instant case, this decision will be given prospective application, only.

■ Defendant contends that Weber by its terms applies to all imputed contributory negligence cases and that because Weber was to be applied prospectively only, this case must be affirmed because the accident occurred before Weber was decided. If defendant is right that Weber completely abolished imputed contributory negligence, this case would have to be affirmed.

The Weber case on its facts applied only to master-servant situations and other courts, textwriters, and the Restatement all considered Weber as authority limited to those situations. See, Nagele-Kelly Mfg. Co. v. Hannak, 13 Mich. App. 427, 164 N. W. (2d) 540; Wilson v. G. N. Ry. Co. (So. Dak.) 157 N. W. (2d) 19; Jasper v. Freitag (No. Dak.) 145 N. W. (2d) 879; Pinaglia v. Beaulieu, 28 Conn. Sup. 90, 250 A. (2d) 522; Note, 51 Minn. L. Rev. 377; Note, 42 Wash. L. Rev. 662; Comment, 24 Wash. & Lee L. Rev. 126; Note, 16 DePaul L. Rev. 478; Note, 20 Ark. L. Rev. 380; and Restatement in the Courts, 1967 Supp., Torts, § 486. If Weber completely abolished imputed contributory negligence, then it would be abolished where a beneficiary sued under a wrongful death act, Restatement, Torts (2d) § 494, and we do not believe that the reasons which prompted us to abolish it as to master-servant are applicable in that situation. We hold that Weber abolished the imputed contributory negligence rule only in master-servant context and was not intended to decide joint-enterprise cases.

Reversed and remanded with instructions to proceed in accordance with this opinion.