B. F. GRIEBENOW, INC., AND ANOTHER v.
EDWARD C. ANDERSON.

177 N. W. (2d) 395.

May 15, 1970—No. 41959.

*Carroll, Cronan, Roth & Austin* and *William B. Haas,* for appellant.

*Jardine, Logan & O'Brien, John R. O'Brien,* and *Alan R. Vanasek,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and James F. Murphy, JJ.

PETERSON, JUSTICE.

The rule in automobile negligence cases under which the contributory negligence of a servant was imputed to his master in the master's action against a negligent third party for the master's own personal injuries or property damage was prospectively overruled (except for the decided case itself) in Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. (2d) 540, decided July 29, 1966.

The sole issue in the instant case is whether the former rule applies to a cause of action which arose prior to July 29, 1966, but which was tried after that date. The trial court concluded that it did not. We hold that it does.

The facts are not in dispute. On April 30, 1963, a collision occurred between an automobile owned by plaintiff B. F. Griebenow, Inc., and operated by its agent and officer, Warren F. Griebenow, and an automobile owned and operated by defendant, Edward C. Anderson. On October 8, 1963, plaintiff served its summons and complaint on defendant and by December 17, 1963, all other pleadings, including defendant's answer and counterclaim, had been served. On July 27, 1964, a note of issue was filed by plaintiff and trial was set for April 20, 1965. On Octo-

ber 9, 1965, plaintiff's action against one Alvin W. Anderson, initially a codefendant, was dismissed without prejudice. On June 13, 1966, a new note of issue was filed. (Weber v. Stokely-Van Camp, Inc., *supra,* was decided on July 29, 1966.) On January 20, 1967, defendant requested a trial setting, and trial was set and had on March 21, 1967.

The findings of fact by a jury, which stand unchallenged, are that both drivers were negligent and that the negligence of each was a direct cause of the collision. Neither, of course, would have a claim against the other. Noting that "[t]his case was tried by a jury subsequent to July 29, 1966," the court concluded, however, that "[t]he negligence of Warren F. Griebenow, an individual, does not preclude plaintiff from recovering damages, the corporation being the owner of the vehicle and Warren F. Griebenow was not the owner." Judgment was ordered for plaintiff in an amount previously stipulated to be the damage to its automobile.

The prospective nature of the Weber decision overruling the former rule of imputed contributory negligence was stated in these words (274 Minn. 491, 144 N. W. [2d] 545):

"* * * We * * * limit the retrospective effect of the decision to this case so as not to impose unjustly liability on defendants who have relied on the rule without notice of a departure from it. In view of the fact that the matter has been brought before us by this appeal, it would be unjust not to apply the rule to those involved here."

Contrary to the principal contention of plaintiffs, these words do not convey an intention of this court that the former rule was to be abrogated as to any case tried subsequent to the date of decision even though the cause of action arose before that date.[1]

Our decisions before and after Weber demonstrate that in the

---

[1] "Retrospective" is the antonym of "prospective." A prospective law as defined in Black, Law Dictionary (Rev. 4 ed.) p. 1386, is: "One applicable only to cases which shall arise after its enactment."

prospective overruling of prior substantive rules of tort law we have uniformly intended the new rule to apply to causes of action arising from and after the date of the decision.[2] The quoted language of Weber is indistinguishable from the language employed in Balts v. Balts, 273 Minn. 419, 431, 142 N. W. (2d) 66, 73, which prospectively overruled the immunity of a child from suit by a parent in a tort action:

"* * * It is unjust to expose to liability without notice those who have relied on existing law in conducting their affairs. * * * The retrospective application of our decision is therefore limited to the instant case only. The injustice of imposing liability on defendants who have relied on family immunity without notice of a contemplated departure from it is thus avoided."

Other aspects of intrafamily immunity were prospectively overruled in Silesky v. Kelman, 281 Minn. 431, 443, 161 N. W. (2d) 631, 638 (parental immunity from suit by a child arising out of a tort action) and Beaudette v. Frana, 285 Minn. 366, 373, 173 N. W. (2d) 416, 420 (interspousal immunity), in each of which decisions—and based upon the precedent of Balts—the new rule of nonimmunity was made effective as to causes of action arising from and after the date of the decision. And the same concept was applied in Thill v. Modern Erecting Co. 284 Minn. 508, 170 N. W. (2d) 865 (overruling our prior decisions precluding a wife's action for loss of consortium). That the Weber-Balts-Silesky-Thill concept of prospective overruling was the same, "based on a policy that it would be unfair to apply the new law to cases that have arisen prior to the change," was noted in Peterson v. City of Minneapolis, 285 Minn. 282, 286, 173 N. W. (2d) 353, 356, where this judicial practice was distinguished

---

[2] There has been an exceptional situation to the contrary, Eicher v. Jones, 285 Minn. 409, 173 N. W. (2d) 427, but compare Schultz v. Chicago & Northwestern Ry. Co. 286 Minn. 231, 175 N. W. (2d) 177. As the chronology of this case makes plainly apparent, there is nothing exceptional in the instant case.

from the legislative concept of L. 1969, c. 624, § 2, expressly making the comparative negligence statute retrospectively effective as to "any action the trial of which is commenced after July 1, 1969."

That the rule of imputed contributory negligence in master-servant situations would exist as to causes of action arising before Weber but tried thereafter was clearly implied in Pierson v. Edstrom, 286 Minn. 164, 174 N. W. (2d) 712. The issue there was whether contributory negligence would be imputed in a joint enterprise situation, an issue not decided in Weber. Mr. Chief Justice Knutson, author of both the Weber and Pierson opinions, said in footnote 1 (286 Minn. 166, 174 N. W. [2d] 714) : "The judge in his memorandum stated that he was not unaware of the case of Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. (2d) 540, and the inferences that could and probably should be drawn from that decision but said that his obligation as a trial judge is to apply existing law in arriving at a decision. We agree that, based on the existing law at the time the judge ruled on the case, he was correct even though we are abolishing the rule on this appeal."

The judgment for plaintiff is reversed and remanded with directions to enter judgment for defendant in accordance with this opinion.