JACOB GOTTSKALKSON AND ANOTHER v.
CITY OF CANBY.

207 N. W. 2d 361.

May 11, 1973—No. 43516.

*Walter E. Riordan* and *Gordon Paterson,* for appellants.
*George A. Marshall,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Gillespie, JJ.

ROBERT B. GILLESPIE, JUSTICE.*

The single issue raised on this appeal is whether the rule which we set out in Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971), recasting the doctrine of secondary assumption of risk as an aspect of negligence, should be applied retroactively to the case at hand.

On December 20, 1969, plaintiff Jacob Gottskalkson was assaulted while a customer at an on-sale liquor establishment operated by the defendant city of Canby. Defendant Warren Meade had grabbed another customer, Louis Sherlin, and scuffled with him. Subsequently, plaintiff allegedly approached defendant Meade, grabbed him, and tore his coat. After having pushed plaintiff away a number of times, defendant was observed choking plaintiff, who fell to the floor unconscious.

The trial court instructed the jury regarding assumption of risk in substantially the form set forth in Minnesota Jury Instruction Guides, Instruction 135. No special verdict question was directed to assumption of risk. The jury found the city of Canby to be 5 percent negligent and found plaintiff Jacob Gottskalkson 95 percent negligent under the comparative negligence statute. Minn. St. 604.01, subd. 1.

This court in Springrose v. Willmore, *supra,* recast the doctrine of assumption of risk as an aspect of negligence, meaning that the plaintiff's assumption of risk must be not only voluntary but, under all the circumstances, unreasonable.[1] We noted at that time that our decision was to be prospective, applying only to causes of action arising from and after the date of the decision.

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

[1] The trial court instructed the jury on assumption of risk using Minnesota Jury Instruction Guides, Instruction 135. As we pointed out in Springrose, this remains an appropriate instruction under comparative negligence. Of course, because secondary assumption of risk is to be considered a phase of negligence, the trial court's instruction should require that the assumption of risk be not only voluntary but unreasonable.

Accordingly, we decline to apply Springrose retroactively to the case at bar.

Plaintiffs argue that we should make an exception in this case and apply the ruling in Springrose retroactively because plaintiffs' appeal was served December 9, 1971, and the appeal in Springrose was not decided until December 10, 1971. Plaintiffs rely on Eicher v. Jones, 285 Minn. 409, 173 N. W. 2d 427 (1970), in support of their contention. The appeal in Eicher had been pending before the Supreme Court contemporaneously with Silesky v. Kelman, 281 Minn. 431, 161 N. W. 2d 631 (1968), and would most likely have been consolidated and argued together with Silesky had not the hearing of Eicher been delayed on the representation that the parties had agreed that they would be controlled by the ruling in Silesky. However, when the Silesky ruling partially abrogated the intrafamily tort immunity doctrine, defendant pursued her appeal despite the agreement. This court took note of the unique situation and applied Silesky retroactively to Eicher alone. Such a unique relationship does not exist between Springrose and the case at bar despite the fact that the notice of appeal had been served a day before the Springrose decision was filed.

We decline to apply the ruling in Springrose retroactively to the case at bar.

Affirmed.