CLAY COUNTY v. BURLINGTON NORTHERN, INC.
LEONARD WENNER, THIRD-PARTY DEFENDANT.

209 N. W. 2d 420.

July 6, 1973—No. 43383.

*Richard N. Jeffries, Garrity, Cahill, Gunhus, Streed & Grinnell,* and *Gunder Gunhus,* for appellant.

*Richard V. Wicka, H. K. Bradford, Jr.,* and *K. W. Kroschel,* for respondent defendant.

*Lamb & Schaefer* and *Robert J. Schaefer,* for respondent third-party defendant.

Heard before Knutson, C. J., and Kelly, Murphy, and Schultz, JJ.

464

PER CURIAM.

This negligence action was brought by Clay County, a municipal corporation, to recover for damages to a road grader owned by it and operated by one of its employees. Plaintiff contends on this appeal[1] that the trial court erred in not applying the holding of this court in Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. 2d 540 (1966), to the present case.

The matter came before the trial court on a stipulation of facts which established that on May 8, 1970, plaintiff owned a road grader, a motorized piece of heavy equipment used for road maintenance. On the day in question, Leonard Wenner, a county employee, was operating the grader on a county road. A collision occurred between the grader and a passenger train operated by the defendant, Burlington Northern, Inc., at an intersection of the county road and defendant's tracks. There were no personal injuries, but there was damage to the road grader in the amount of $8,000 and to railroad equipment in the amount of $1,000.

By this action, the county seeks to recover that damage from the railroad company. The parties have stipulated that the causal negligence on the part of defendant railroad was in the amount of 5 percent and that there was causal negligence on the part of plaintiff's employee in the amount of 95 percent. The employee, Wenner, was brought into the action by a third-party complaint in which the railroad demanded judgment for indemnification or contribution for such sums as might be adjudged against it in favor of the county.

After the matter was submitted, the trial court entered its order dismissing the county's action on the merits and granting judgment in favor of Burlington Northern in the sum of $950. The third-party action against the employee was dismissed.

Plaintiff county contends here that on the basis of the stipula-

---

[1] Plaintiff purports to appeal from an order granting summary judgment. The order is not appealable of right, but we have decided to exercise our power of review so that the issues raised may be finally determined without further delay.

tion of facts it was entitled to judgment on authority of Weber v. Stokely-Van Camp, Inc. *supra*. In that case, among other things, we abandoned the rule in automobile negligence cases that the negligence of a servant is imputed to his master so as to bar the master's right of recovery against a negligent third party if the master is vicariously liable to the third party. The trial court was of the view that our holding in Weber should be considered in context with the particular facts of that case. The Weber case involved a claim for damages for personal injuries to a faultless individual employer. Unlike the Weber case, the present action involves a corporate employer which necessarily acted through its agent and servant; the acts of the negligent employee were actually and substantially the acts of the employer and, of course, no personal injuries were sustained.

We agree with the trial court that our holding in the Weber case is not to be applied in all cases involving negligence in the master-servant relationship. We said in Weber (274 Minn. 491, 144 N. W. 2d 545):

"* * * We limit this decision to automobile negligence cases. There may be other situations where the same result should follow, but we leave those decisions for the future as they come before us."

The briefs and arguments of opposing counsel related to legal principles and policies of vicarious liability which were considered at length in the Weber case and again adverted to in Pierson v. Edstrom, 286 Minn. 164, 174 N. W. 2d 712 (1970). No further purpose would be served by an extended discussion of those issues. We are satisifed that the facts in the case before us are sufficiently different to support the trial court's conclusion that our holding in Weber should not be applied.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.