## THOMAS OIL COMPANY, INC., AND ANOTHER v. MARK ONSGAARD AND ANOTHER.

215 N. W. 2d 793.

March 8, 1974—No. 44231.

466

*Mordaunt, Walstad, Cousineau & McGuire* and *Darrell M. Hart,* for appellant.

EDWARD D. MULALLY, JUSTICE.*

This matter arises out of an accident that happened on September 13, 1969, on Highway No. 44 between Mabel and Spring Grove, Minnesota. Defendant Mark Onsgaard was operating a motorcycle immediately in front of a truck owned by plaintiff, Thomas Oil Company, Inc., and driven by Carl Riese, a Thomas employee. The Thomas truck left the highway, the truck was damaged, and Riese was injured.

Riese incurred medical expenses and Reliance Insurance Company, Thomas' insurer, paid compensation to him as provided by the Workmen's Compensation Law.

An action was commenced by Thomas and Reliance Insurance Company against Mark Onsgaard and Hollis Onsgaard, who, plaintiffs contended, was the owner of the vehicle. Thomas sought to recover for damage to its truck, and Reliance Insurance sought to recover the amount it had paid to Riese as compensation.

The jury rendered a special verdict finding that Mark Onsgaard was 15 percent negligent; that Carl Riese was 85 percent negligent; that the negligence of each was a direct cause of the accident and damage to the truck; that the Thomas truck was damaged in the amount of $860.99; and that Hollis Onsgaard was not the owner of the motorcycle.

Judgment was entered in favor of the defendants and against Thomas and Reliance Insurance Company, and Thomas appealed from the judgment.

Thomas contends that the rule of Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. 2d 540 (1966), is applicable to corporations as well as to individuals and that the trial court

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

should have ordered judgment in its favor against defendant Mark Onsgaard for the full amount of its property damage. The trial court ruled that Thomas could not recover in its action against defendant on the theory that a corporation can act only through its agents or employees, and since its agent or employee was negligent, the corporation was negligent.

An analogous situation was considered by this court in Clay County v. Burlington Northern, Inc. 296 Minn. 463, 209 N. W. 2d 420 (1973).[1] There, Clay County, Minnesota, a municipal corporation, commenced an action against Burlington Northern, Inc., for damage to a road grader owned by the county. While being driven by a county employee, the grader had been damaged in a collision with a Burlington Northern train. The train also sustained damage. The parties stipulated that the causal negligence of Burlington Northern was 5 percent and that of the county's employee 95 percent. The trial court dismissed the county's action on the merits and granted judgment in favor of the railroad. This court affirmed. In refusing to extend the Weber doctrine to a municipal corporation, we said (296 Minn. 465, 209 N. W. 2d 421):

"* * * The Weber case involved a claim for damages for personal injuries to a faultless individual employer. Unlike the Weber case, the present action involves a corporate employer which necessarily acted through its agent and servant; the acts of the negligent employee were actually and substantially the acts of the employer and, of course, no personal injuries were sustained.

"We agree with the trial court that our holding in the Weber

---

[1] The instant case arose before the decision in Clay County v. Burlington Northern, Inc. 296 Minn. 463, 209 N. W. 2d 420 (1973).

For discussions of Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. 2d 540 (1966), relative to other fact situations, see B. F. Griebenow, Inc. v. Anderson, 287 Minn. 174, 177 N. W. 2d 395 (1970); Weiss v. G. N. Ry. Co. 286 Minn. 278, 176 N. W. 2d 109 (1970); Pierson v. Edstrom, 286 Minn. 164, 174 N. W. 2d 712 (1970).

case is not to be applied in all cases involving negligence in the master-servant relationship. We said in Weber (274 Minn. 491, 144 N. W. 2d 545):

" '* * * We limit this decision to automobile negligence cases. There may be other situations where the same result should follow, but we leave those decisions for the future as they come before us.' "

We hold that the decision in Clay County v. Burlington Northern, Inc. *supra,* is controlling as to the facts in this case. The acts of Riese were actually and substantially the acts of Thomas, and Thomas is barred from recovering its damages from defendant.

Thomas asserts that if the Weber doctrine is not extended to corporations, there will be a denial of equal protection of the laws under the Fourteenth Amendment to the Federal Constitution. Thomas claims that a corporation is considered a "person" for the purposes of the Fourteenth Amendment and that judicial action may be "state action" for the purposes of the Fourteenth Amendment. The pertinent part of the amendment reads:

"* * * No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

That a corporation is a person within the meaning of the Fourteenth Amendment is no longer open to discussion. Frost v. Corporation Comm. 278 U. S. 515, 49 S. Ct. 235, 73 L. ed. 483 (1929); 18 Am. Jur. 2d, Corporations, § 21; 16A C. J. S., Constitutional Law, § 504; 18 C. J. S., Corporations, § 8.

State action which denies equal protection is prohibited by the Fourteenth Amendment. Judicial action may be state action. 16 Am. Jur. 2d, Constitutional Law, § 491. The landmark case in this area is Shelley v. Kraemer, 334 U. S. 1, 14, 68 S. Ct. 836, 842, 92 L. ed. 1161, 1181 (1948), which said:

"That the action of state courts and judicial officers in their official capacities is to be regarded as action of the State within the meaning of the Fourteenth Amendment, is a proposition which has long been established by decisions of this Court."

In a recent case, Edwards v. Habib, 130 App. D. C. 126, 130, 397 F. 2d 687, 691 (1968), certiorari denied, 393 U. S. 1016, 89 S. Ct. 618, 21 L. ed. 2d 560 (1969), Judge Skelly Wright said:

"There can now be no doubt that the application by the judiciary of the state's common law, even in a lawsuit between private parties, may constitute state action which must conform to the constitutional strictures which constrain the government."

While it cannot be denied that judicial action may be state action and that a corporation is a person within the meaning of the Fourteenth Amendment, the question is whether Thomas is unreasonably excluded from the operation of the Weber rule. We hold that it is not.

An equal protection challenge to classification such as Thomas has asserted must be evaluated by resort to the reasonable- or rational-basis test. To be valid, a classification must rest upon a reasonable basis of distinction and all similarly situated must be brought within the class and treated alike. Seamer v. G. N. Ry. Co. 142 Minn. 376, 172 N. W. 765 (1919).

Corporations as a class are reasonably excluded from the operation of the Weber doctrine and are reasonably distinguished from others already judicially determined to be within its purview. The reasonable basis for excluding corporations from the Weber doctrine is the rationale used by this court in Clay County v. Burlington Northern, Inc. *supra*,—that a corporation can act only through its agents and employees and the acts of negligent employees are actually and substantially the acts of the corporation.

We hold that there is no violation of the equal protection clause of the Fourteenth Amendment. The judgment of the trial court is affirmed.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.