# WALTER G. SMEDSRUD v. MICHAEL BROWN.

227 N. W. 2d 572.

March 21, 1975—No. 45041.

*Lommen & Cole* and *Phillip A. Cole,* for appellant.

*Sahr, Kunert, Tambornino & Soshnik* and *Peder B. Hong,* for respondent.

Heard before Otis, Peterson, Todd, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Defendant appeals from an order for judgment entered in favor of plaintiff-bailor for property damage arising out of a collision between an automobile driven by defendant and plaintiff's automobile, which was being driven by his bailee. In a prior proceeding, defendant was found to be 15-percent negligent and the bailee was found to be 85-percent negligent. Defendant seeks to limit his liability for property damage to the percentage of his negligence and asks that we reverse our prior rulings that the negligence of a bailee is not to be imputed to the bailor in a suit by the bailor against the third party. We affirm.

The parties have stipulated to the facts as follows:

"1. On July 20th, 1968, at or near the intersection of Highway #61 and Highway #50 in the County of Dakota, State of Minnesota, a motor vehicle being operated by the defendant collided with a motor vehicle being operated by Karen Pearson, deceased, and owned by the plaintiff herein.

"2. The plaintiff had consented to the operation of his motor vehicle by Karen Pearson, deceased.

"3. Floyd Pearson, as Trustee for the heirs and next of kin of Karen Pearson, deceased, commenced an action against the defendant herein claiming damages for the wrongful death of Karen Pearson as a result of the accident of July 20th, 1968, (Pearson v. Brown, Hennepin County District Court File No. 678418). This action was tried to a jury and a special verdict returned therein finding both Karen Pearson and Michael Brown, defendant, negligent and their negligence to be a proximate cause of the accident, but apportioning 85% of the responsibility for the accident to Karen Pearson's negligence and 15% to Michael Brown's negligence under Minnesota Law of Comparative Negligence. Judgment was entered in such case for the defendant by the Honorable Edward Parker, District Judge on November 7th, 1972.

"4. Karen Pearson, deceased, was not an agent or employee of the plaintiff herein, with respect to the operation of the motor vehicle except as provided in M.S. 170.54.

"5. Plaintiff, Walter Smedsrud was not negligent with respect to such automobile accident.

"6. Karen Pearson's estate had no value and she was not insured for liability to the plaintiff for the damage to plaintiff's automobile. Such coverage was excluded under the ordinary provision excluding coverage where the property is in the care, custody or control of the insured.

"7. Plaintiff's net property damage loss is in the amount of One Thousand Nine Hundred Fourteen Dollars and 00/100 ($1,914.00), being damage and depreciation in the amount of Two Thousand Dollars and 00/100 ($2,000.00), plus towing and

storage in the amount of Sixty-four Dollars and 00/100 ($64.00), less One Hundred Fifty Dollars and 00/100 ($150.00) received by way of salvage."

The only issue presented is whether we should reverse the longstanding rule adopted in Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. 2d 406 (1943), that the negligence of the bailee is not attributable to the bailor. Defendant contends that the adoption of comparative negligence[1] obviates the principal reason for the rule, namely, the harshness of the prior doctrine of contributory negligence.

We have evidenced our dissatisfaction with the doctrine of imputed negligence. See, Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. 2d 540 (1966). We have determined that the acts of employees are the acts of a corporation for purposes of determining liability. Clay County v. Burlington Northern, Inc. 296 Minn. 463, 209 N. W. 2d 420 (1973). However, we have never directly passed on the issue raised by plaintiff.

The Wisconsin court has considered the precise issue raised in this appeal in Schweidler v. Caruso, 269 Wis. 438, 69 N. W. 2d 611 (1955). The plaintiff was a passenger in his own automobile and brought action against the driver and a truckdriver following a collision between the vehicles. Each driver cross complained against the other for contribution. The driver of plaintiff's car settled with the plaintiff and trial was held on the cross complaints. The jury found the truckdriver to be 20-percent negligent and the driver of plaintiff's vehicle to be 80-percent negligent. The Wisconsin court, finding that the plaintiff and the driver were in the relationship of bailor and bailee at the time of the collision held that the negligence of the driver would not be imputed to the plaintiff. While we are not bound to adopt the policy of our sister court, we find it to be helpful in evaluating the merits of the assertion that adoption of comparative negligence obviates the need for refusing to impute negligence.

---

[1] Minn. St. 604.01, adopted May 23, 1969, effective July 1, 1969.

Further, we note that the refusal to impute the percentage of negligence of the bailee to the bailor is consistent with our statutory scheme. Minn. St. 604.01 provides that the person having the lesser degree of negligence shall not be barred from recovery. Here, the bailor is completely free of negligence and the defendant was 15-percent negligent. Defendant does not seek to bar plaintiff from recovery but desires to limit defendant's liability to the percentage of his negligence. Such a result would be contrary to the statutory provisions of § 604.01, which permit a plaintiff to recover from any defendant whose negligence is greater than his. Section 604.01 limits such a defendant's remedy to seeking contribution from other defendants in the percentage of their negligence. We discern no reason at this time for adopting a different rule where a bailor-bailee situation is involved.

Affirmed.