Norman WECKERLY, d.b.a. Weckerly Farms, Appellant,

v.

Robert ABEAR, d.b.a. Lakeland Ready Mix, defendant and third-party plaintiff, Respondent,

v.

Michael Edwin WEIPPERT, third-party defendant.

No. 47081.

Supreme Court of Minnesota.

June 24, 1977.

Ryan, Ryan, Ebert & Ruttger and Max J. Ruttger III, Brainerd, for appellant.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, O. C. Adamson II, and R. Gregory Stephens, Minneapolis, for respondent.

Heard before PETERSON, TODD and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

This is an appeal from a judgment against the appellant following a jury trial in District Court, Cass County. The appellant proprietorship sought to recover damages for property damage to his truck following a two-vehicle collision. The truck was driven by the appellant's employee. The jury found the employee 60-percent causally negligent. The district court imputed the negligence of the employee to the appellant and thus denied recovery. We affirm.

The sole issue presented by this appeal is whether the doctrine of *Weber v. Stokely-Van Camp, Inc.*, 274 Minn. 482, 144 N.W.2d 540 (1966), which abolished the rule imputing the contributory negligence of a servant to his master so as to bar the master's right to recover personal injuries from a negligent third party in automobile negligence cases, applies to an action by a master for property damage?

An employee of the appellant, Weckerly Farms (Weckerly), an individual proprietorship, was involved in an automobile collision while driving appellant's truck. The truck collided with a vehicle owned by Lakeland Ready Mix (Lakeland), also an individual proprietorship, and driven by a Lakeland employee. Both vehicles sustained property damage. Lakeland brought an action against Weckerly and its driver. Weckerly counterclaimed. Lakeland then settled its claim with Weckerly, leaving the counterclaim. Thereafter, Lakeland crossclaimed against the Weckerly employee. The employee answered the crossclaim and counterclaimed against Lakeland. Lakeland served a reply.

Prior to trial, the parties stipulated that Weckerly sustained property damage in the amount of $23,601.50. The case was tried to a jury and submitted on special interrogatories. The jury returned a verdict finding the Weckerly employee 60-percent negligent and the Lakeland employee 40-percent negligent. Thereafter, Weckerly moved the court for a judgment n. o. v. on the grounds that the court erred in allowing the jury to impute the negligence of its employee to it. The trial court denied the motion. Weckerly appeals from the judgment entered thereafter.

This case presents another occasion for this court to construe the rule adopted in *Weber v. Stokely-Van Camp, Inc.*, 274 Minn. 482, 144 N.W.2d 540 (1966), that in automobile negligence cases the contributory negligence of a servant will not be im-

puted to his faultless master to bar recovery from a negligent third party. In *Weber* the plaintiff was riding in a truck he owned. His employee was driving the truck when it collided with a truck driven by the defendant's employee. The court instructed the jury that the negligence of the employee was imputed to the plaintiff. On appeal, this court reversed. The reasons for the change were stated in a later case to be—

" * * * (1) that negligence law is based on personal fault and by hypothesis in imputed contributory negligence, the master is faultless, therefore, it is unfair to deny him recovery; (2) the purpose of imputing to the master the negligence of his servant is to provide a financially responsible defendant for injured third parties but this policy is not applicable when imputing the contributory negligence of the servant to the master to bar his recovery from negligent third parties; and (3) that the rule is justified on the ground that the master can control the servant but nothing could be more dangerous than having employers act as backseat drivers while the employee is at the wheel." [1]

In subsequent decisions involving the application of the *Weber* case, this court limited the rule by ruling that it did not apply in all cases involving negligence in the master-servant relationship,[2] nor did it apply to corporate employers because they can act only through their agents and employees.[3]

In the present case, the appellant argues for a broad application of the *Weber* rule, while the respondents contend the rule should not include property damage. The doctrine of imputed contributory negligence has its basis in the vicarious liability of master for servant. Imputed contributory negligence is the reverse of respondeat superior. In an action by a third party against the employer, respondeat superior charges the negligence of the employee to the employer. By similar reasoning, the "both ways" rule applies the same rationale to contributory negligence when the action is brought by the employer against a third party.

At the foundation of each doctrine, however, must be a sound social policy. Considerations of legal symmetry are appealing, yet such rules must operate in a non-geometric world. The vicarious liability of respondeat superior commonly is justified as a socially desirable distribution of risk and as a device to provide financially responsible indemnitors for damages sustained by third persons. See, Holmes, *Agency*, 4 Harv.L. Rev. 345, 5 Harv.L.Rev. 1; Laski, *The Basis of Vicarious Liability*, 26 Yale L.J. 105. The "both ways" rule, however, often placed the burden on a blameless party who was ill-equipped to spread the risk in an economically efficient manner. Here the employer acted solely through his employee. Thus, he should not be insulated from the liability of that employee. Moreover, the owner of a business typically makes provision for distributing property loss. By placing the burden on the employer the loss is put into a more efficient reparations system. On the other hand, the practical result of the appellant's request—not imputing the negligence—would place the entire burden on the individual employee, an inefficient cost avoider. See, 2 Harper & James, Torts § 23.6, at 1276–1277. See, generally, Calabresi, The Cost of Accidents

1. *Pierson v. Edstrom*, 286 Minn. 164, 170, 174 N.W.2d 712, 716 (1970).

2. *Clay County v. Burlington N. Inc.*, 296 Minn. 463, 209 N.W.2d 420 (1973) (rule of *Weber* not applied to action by county to recover damages to road grader struck by train; plaintiff's employee 95-percent negligent, railroad 5-percent).

3. *Thomas Oil Co. Inc. v. Onsgaard*, 298 Minn. 465, 215 N.W.2d 793 (1974) (truck collided with motorcycle). The *Thomas* decision also characterized the *Clay County* case as refusing to extend the doctrine to municipal corporations.

After the *Weber* decision this court has also abandoned the rule which imputes the negligence of one joint venturer to another so as to bar his right of recovery against a third party [see, *Pierson v. Edstrom*, 286 Minn. 164, 174 N.W.2d 712 (1970)], and refused to change its rule that the negligence of a bailee is not imputed to the bailor [*Smedsrud v. Brown*, 303 Minn. 330, 227 N.W.2d 572 (1975)].

(1970). Recognizing this distinction, the other courts have refused to extend the *Weber* rule to negligence actions involving property damage. See, *Nagele-Kelly Manufacturing Co. v. Hannak*, 13 Mich.App. 427, 164 N.W.2d 540 (1968). See, also, *Michigan Transportation Co. v. Good*, 16 Mich.App. 226, 167 N.W.2d 876 (1969). We agree with this result.

Affirmed.