AMY THOEN v. LAMOINE HATTON AND ANOTHER.

177 N. W. (2d) 815.

May 22, 1970—No. 42175.

*Duane M. Peterson* and *Peterson & Challeen, Ltd.,* for appellant.
*Fitzgerald, Moonan, Fitzgerald & Stich* and *Robert T. Stich,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from a judgment for defendants.

On April 5, 1968, Amos Thoen sustained serious personal injuries when struck by a school bus operated by Lamoine Hatton, an employee of Independent School District No. 229.

The present action was instituted by Amy Thoen to recover for loss of consortium. Defendants' motion to dismiss plaintiff's cause of action with prejudice was granted by order dated July 17, 1969, and judgment for defendants was entered accordingly. This appeal from the judgment was taken August 5, 1969.

The decision of the trial court must be affirmed. In Eschenbach v. Benjamin, 195 Minn. 378, 263 N. W. 154, filed November 8, 1935, we held that a wife cannot recover damages for personal injuries inflicted upon her husband by a negligent act of another. The rule of the Eschenbach case was overruled in Thill v. Modern Erecting Co. 284 Minn. 508, 514, 170 N. W. (2d) 865, 870, filed September 19, 1969, where, after carefully considering the problem of retroactivity, we declared:

"Today's decision is prospective and is applicable only with regard to personal injuries sustained from and after this date, except that it shall additionally apply to the instant case."

The rule as announced is controlling in the present situation where the personal injuries were sustained over a year prior to the date of our decision in Thill.

We are unable to make an exception to the rule as announced. It is true that after announcing a like prospective abrogation of parent-child tort immunity in Silesky v. Kelman, 281 Minn. 431, 161 N. W. (2d) 631, we refused to permit the defense of immunity to be interposed in Eicher v. Jones, 285 Minn. 409, 173 N. W. (2d) 427, although the cause of action therein arose prior to the date of the Silesky decision. However, our holding in Eicher was based on the fact that the parties had agreed in advance of submission of the Silesky case that they would be bound by that decision. No facts exist in this case which would justify an exception to the rule stated in Thill.

Affirmed.