Jerry A. BEECK, Plaintiff,

v.

S.R. SMITH COMPANY, Defendant.

No. 69500.

Supreme Court of Iowa.

Dec. 19, 1984.

John A. McClintock and David L. Brown of Hansen, McClintock & Riley, and Robert M. Holliday, Des Moines, for plaintiff.

James A. Lorentzen and Michael D. Huppert of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for defendant.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, CARTER, and WOLLE, JJ.

UHLENHOPP, Justice.

This proceeding under chapter 684A of the Iowa Code of 1983 involves two certified questions of law from the United States District Court for the Southern District of Iowa.

The federal court certified the following facts in connection with the first question:

On July 15, 1972, Jerry A. Beeck sustained personal injury on a waterslide. Plaintiffs, natural children of Jerry A. Beeck, filed the above-entitled action on January 13, 1982. In this action, plaintiffs seek recovery for loss of parental consortium caused by the 1972 waterslide incident.

On August 10, 1982, defendant filed a Motion for Summary Judgment claiming there was no genuine issue as to any material fact relating to plaintiffs' claims for loss of parental consortium. Defendant contends that such claims are barred by the applicable statute of limitations and that *Weitl* [*v. Moes*, 311 N.W.2d 259 (Iowa 1981)] cannot be applied retroactively to avoid such bar.

Plaintiffs contend that *Weitl* should be applied retroactively. If *Weitl* is applied retroactively, then plaintiffs contend that their causes of action for loss of parental consortium are not time-barred, because such causes of action would not have accrued until the date of the decision in *Weitl.*

The court posed the first question thus:

Should the decision of the Supreme Court of the State of Iowa in *Weitl v.*

*Moes,* 311 N.W.2d 259 (Iowa 1981), holding that a minor has an independent cause of action for loss of parental consortium, be given retroactive effect?

Following additional proceedings in the federal court, the court certified the following facts in connection with the second question:

On July 15, 1972, Jerry A. Beeck sustained personal injuries on a waterslide installed in a swimming pool at Kimberly Village Home Owners Association in Davenport.

On October 21, 1981, the Supreme Court of Iowa in *Weitl v. Moes,* 311 N.W.2d 259 (Iowa 1981), held that a minor has an independent cause of action in Iowa for loss of the society and companionship (consortium) of a parent who is tortiously injured by a third party.

The above-captioned action was filed January 13, 1982. As originally brought, Jerry A. Beeck's two children, then aged 16 and 18, sought to recover for the loss of their father's society and companionship allegedly resulting from the injuries the father sustained on the waterslide.[1] The defendant moved for summary judgment, noting that a child had no independent cause of action for loss of society and companionship of a parent prior to the *Weitl* decision and claiming that *Weitl* should not be given retroactive effect in cases where the *parent's* personal injury claim was previously finalized or barred by the statute of limitations. In conjunction with that motion, the Court certified the following question to the Supreme Court of Iowa pursuant to Chapter 684A, Code of Iowa (1981):

Should the decision of the Supreme Court of the State of Iowa in *Weitl v. Moes,* 311 N.W.2d 259 (Iowa 1981), holding that a minor has an independent cause of action for a loss of parental consortium, be given retroactive effect?

This certified question remains pending before the Iowa Supreme Court.

Next, in *Audubon-Exira Ready Mix, Inc. v. Illinois Central Gulf Railroad Company,* 335 N.W.2d 148 (Iowa 1983), the Iowa Supreme Court retracted its holding that a child had an independent claim for loss of parental consortium and held that the injured parent was the proper party to recover the damages for the child's loss. Following that decision, this Court permitted the substitution of the injured parent, Jerry A. Beeck, as plaintiff to recover damages for his children's loss of his society and companionship.

The defendant then moved to dismiss the recast complaint on the ground that the statute of limitations for injury to "relative rights", Iowa Code § 614.1(2), is applicable here, and that the two-year statutory time period has run on the injured father's claim for his children's loss of consortium. Plaintiff agrees that the complaint seeks recovery for injury to "relative rights" but asserts that Iowa Code § 614.8, which extends in favor of minors the time for commencing actions until their nineteenth birthday, applies in this case because the recovery sought is for injuries to the relative rights of minor children. Defendant, however, contends § 614.8 does not apply because the claim is the parent's even though the injury allegedly suffered is the children's.

There is no clear and existing Iowa precedent relating to the parties' respective positions under this factual situation. As it involves a question of interpretation of Iowa law upon which there is no precedent and which may be determinative of this action, the Court believes the statute of limitations issue discussed in the preceding paragraph presents a proper question for certification to the Supreme Court of Iowa pursuant to the provisions of Chapter 684A of the Iowa Code.

---

1. Because the younger child, Jeffrey Allen Beeck, was a minor, his claim was brought by his next friend.

The second question certified by the federal court is as follows:

> When a parent is injured during the period of his child's minority, does Iowa Code § 614.8 extend the time for the parent to bring an action to recover damages for the child's loss of parental society and companionship allegedly resulting from the parent's injury?

I. *Is Weitl retroactive?* Previously, children did not have a cause of action for loss of parental consortium. *Hankins v. Derby,* 211 N.W.2d 581 (Iowa 1973). On October 21, 1981, we overruled *Hankins* and held that children do have such a cause of action. *Weitl v. Moes,* 311 N.W.2d 259 (Iowa 1981).

The parent involved here, Jerry A. Beeck, was injured on July 15, 1972. The first question is whether our overruling decision in *Weitl* reaches back and governs the 1972 injury, or whether *Hankins* controls. We do not have a situation in which the decision on retroactiveness-prospectiveness is made in the overruling case itself; *Weitl* does not deal with that question. *Contrast State v. Monroe,* 236 N.W.2d 24 (Iowa 1975). We have a situation in which the decision on retroactiveness-prospectiveness of an overruling decision is to be made in a subsequent case—the present one. Nor are we concerned here with retroactivity of a decision on constitutional rights of a person charged with crime. *See Reed v. Attorney General of N.C. v. Ross,* 468 U.S. ——, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984).

■ A holding relative to retroactiveness or prospectiveness of a judicial decision on a point of civil law does not implicate the United States Constitution. *Great Northern Ry. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932). As a general rule, judicial decisions, including overruling decisions, operate both retroactively and prospectively. *Farm Bureau Service Co. v. Kohls,* 203 N.W.2d 209, 211 (Iowa 1972); Note, 46 Iowa L.Rev. 600, 617 (1961); 20 Am.Jur.2d *Courts* § 233 (1965); 21 C.J.S. *Courts* § 194 (1940).

■ Courts may hold, however, that a particular overruling decision should in fairness have only prospective application. The test most frequently quoted was stated thus in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296, 306 (1971):

> In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see, e.g., *Hanover Shoe v. United Shoe Machinery Corp.,* [392 U.S. 481] at 496 [88 S.Ct. 2224 at 2233], 20 LEd2d [1231] at 1243, or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e.g., *Allen v. State Board of Elections,* [393 U.S. 544] at 572 [89 S.Ct. 817 at 835], 22 LEd2d [1] at 20. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker,* [381 U.S. 618] at 629 [85 S.Ct. 1731 at 1737], 14 LEd2d [601] at 608. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma,* [395 U.S. 701] at 706 [89 S.Ct. 1897 at 1900], 23 LEd2d [647] at 652.

■ The law on both spousal and parental consortium has been in a state of flux in recent decades, and several courts have addressed questions similar to the one we have here: whether a person deprived of consortium has a right to damages under an overruling decision which was announced after the incident causing the injury occurred. Such cases include *Hopson v. St. Mary's Hospital,* 176 Conn. 485, 408

A.2d 260 (1979) (spousal consortium—overruling decision retroactive except as to claims which have gone to judgment or are barred by statute of limitation); *Ryter v. Brennan,* 291 So.2d 55 (Fla.App.1974) (spousal consortium—retroactive); *Trotter v. Moore,* 113 Ill.App.3d 1011, 69 Ill.Dec. 653, 447 N.E.2d 1340 (1983) (spousal and parental consortium—retroactive except as to cases finally adjudicated); *Deems v. Western Maryland Ry.,* 247 Md. 95, 231 A.2d 514 (1967) (spousal consortium—overruling decision held applicable to pending and future actions except those barred by settlement, judgment, statute of limitations, or otherwise); *Ferriter v. Daniel O'Connell's Sons, Inc.,* 381 Mass. 507, 413 N.E.2d 690 (1980) (parental consortium—retroactive except where settlement, judgment, or bar of statute limitation); *Diaz v. Eli Lilly & Co.,* 364 Mass. 153, 302 N.E.2d 555 (1973) (same); *Thoen v. Hatton,* 287 Minn. 545, 177 N.W.2d 815 (1970) (spousal consortium—overruling decision held prospective); *Shepherd v. Consumers Cooperative Ass'n,* 384 S.W.2d 635 (Mo.1964) (spousal consortium—retroactive); *Wilkinson v. Bennett Construction Co.,* 442 S.W.2d 166 (Mo.App.1969) (same); *Fitzgerald v. Meissner & Hicks, Inc.,* 38 Wis.2d 571, 157 N.W.2d 595 (1968) (spousal consortium—retroactive).

Upon consideration of these decisions and the merits of the question, we agree with the holding of the Wisconsin Supreme Court in *Fitzgerald* that the change of law on consortium does not present sufficient ground under the *Chevron* test to withhold application of the general rule of retroactivity and prospectivity. The federal court's question does not include an additional factor that the parent's claim for injuries or a claim for the parent's wrongful death went to judgment or was settled before the instant litigation was commenced, and we do not consider such a factor. We answer the court's first question as posed affirmatively.

II. *Is section 614.8 applicable?* Section 614.8 of the Iowa Code of 1983 provides:

The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and mentally ill persons, so that they shall have one year from and after the termination of such disability within which to commence said action.

█ We are dealing with children's loss of the consortium of an injured living parent. If such children had a completely independent cause of action for loss of parental consortium, we would have no hesitation in holding that section 614.8 applies to their case. We held in *Weitl* that children have an independent cause of action. *Weitl,* 311 N.W.2d at 270 ("a minor has an independent cause of action for loss of society and companionship of a parent who is tortiously injured"). We subsequently modified that position, however, in *Audubon-Exira Ready Mix, Inc. v. Illinois Central G.R.R.,* 335 N.W.2d 148 (Iowa 1983), and *Madison v. Colby,* 348 N.W.2d 202 (Iowa 1984). While *Audubon-Exira* involved both spousal and parental consortium and *Madison* involved spousal consortium, both cases dealt with parental consortium as well as spousal consortium, since the two subjects are interrelated. In *Audubon-Exira* this court stated:

> [I]n the case of a parent's injury, the injured parent is the proper party to recover for the child under section 613.15. To the extent our plurality opinion in *Weitl* ... granted a child an independent right to bring such an action ... it is overruled.

We also stated:

> [W]hen an injured parent recovers for the [child's loss of consortium] the jury or finder of facts should make a separate finding, specifically fixing the amount of such recovery. *Amounts so recovered are the child's property. See Iowa R.Civ.P. 12.* Conservatorship provisions of the probate code then become applicable. *See* Iowa Code §§ 633.566, .567, and .574 (1983) ....

(Emphasis added.)

In *Madison* this court carried *Audubon-Exira* a step farther:

As a result of our holding in *Audubon-Exira* and this case, all loss of consortium recoveries, whether pursuant to common law, rule 8 or section 613.15, *go to the person who incurred the loss.* In each instance recovery is for tangible and intangible elements as a unified whole. Furthermore, only one recovery of consortium damages is allowed. The right of recovery in each relationship category can be charted as follows: [then follows a chart showing inter alia that damages for loss of pre-death parental consortium are recovered by the injured parent for the deprived child].

As a practical matter, this interpretation nullifies an injured person's right under section 613.15 to recover personally for a spouse or child's loss of consortium, but we believe this result is demanded by the overriding legislative intent, the spirit of the statute, and the historical interplay between the common law and the statute.

To assure further against double recovery, it is desirable that consortium actions be joined with the action for the injury or death of the injured person. In some jurisdictions joinder is mandatory while in others it is required when feasible. *See Weitl,* 311 N.W.2d at 268. Based on the considerations explored in *Weitl,* we hold that consortium claims must be joined with the injured person's or administrator's action *whenever feasible.* If brought separately, the burden will be on the consortium claimant to show joinder was not feasible. *See id.* at 270.

(Emphasis added.)

At present, therefore, the claim for the child's loss of parental consortium is to be prosecuted by the parent and be joined with the parent's action for his own damages, but the recovery for the consortium of the parent that the child lost belongs to the child. In this situation—whether the child's claim is prosecuted with the parent's claim or is prosecuted separately because joinder was not feasible—the question relates to which statute of limitation applies to the child's claim, the two-year statute applicable to adults (section 614.1(2)) or the statute applicable to minors (section 614.8).

We note initially that since a child's claim for loss of parental consortium must ordinarily be prosecuted in the parent's action, the child's claim will usually be prosecuted within two years of the parent's injury, which is the time limit on the parent. Assuming arguendo that prosecution of the children's claim with the parent's claim was not feasible in the present situation because *Weitl* had not yet been decided, we approach directly the time limitation question which the federal court presented to us.

On this question defendant S.R. Smith Company cites cases holding that the statute of limitation applicable to minors does not apply in statutory wrongful death actions even though minor children are the ultimate beneficiaries. *Beverage v. Harvey,* 602 F.2d 657 (4th Cir.1979); *Hemingway, Adr. v. Shull,* 286 F.Supp. 243 (D.S.C. 1968); *Gomez v. Leverton,* 19 Ariz.App. 604, 509 P.2d 735 (1973); *Group Health Ass'n, Inc. v. Gatlin,* 463 A.2d 700 (D.C. App.1983); *Deloach v. Emergency Medical Group,* 155 Ga.App. 866, 274 S.E.2d 38 (1980); *Fanio v. John W. Breslin Co.,* 51 Ill.2d 366, 282 N.E.2d 443 (1972); *Van Vactor's Adx. v. Louisville & Northern R.R.,* 112 Ky. 445, 66 S.W. 4 (1902); *Ratka, Adr. v. St. Francis Hospital,* 44 N.Y.2d 604, 407 N.Y.S.2d 458, 378 N.E.2d 1027 (1978); *Huntington v. Samaritan Hospital,* 35 Wash.App. 357, 666 P.2d 405 (1983). We note that the view of these cases is not unanimous throughout the country. *See Gatlin,* 463 A.2d at 702.

The present action was not based on the wrongful death of Jerry A. Beeck, and the cases cited by Smith are not directly on point. Nor do we think they control the present case by analogy. While an action such as this one for loss of parental consortium must be brought in conjunction with the injured parent's own action where feasible, the children's claim is in reality their own claim, different from an administrator's claim in the wrongful death case. An

administrator's death claim is his claim; it is in him by virtue of the wrongful death or survival statute and would not otherwise exist. Only he can sue the claim. *See* Iowa Code § 611.20 (1983). On the contrary, the claim for loss of parental consortium, pre-death at least, is not the property of the parent. *Madison*, 348 N.W.2d at 209 ("As a result of our holding in *Audubon Exira* and this case, all loss of consortium recoveries, whether pursuant to common law, rule 8 or section 613.15, *go to the person who incurred the loss....* As a practical matter, this interpretation *nullifies an injured person's right* under section 613.15 *to recover personally for a spouse or child's loss of consortium...."* (Emphasis added.)). The children's claim is prosecuted by the injured parent and in conjunction with the parent's own case, whenever feasible, not because the claim is in the parent but rather to reduce a multiplicity of suits and the possibility of double recovery. Indeed, if prosecution of the children's claims with the parent's claim is unfeasible, the children's claim may be brought by them through a next friend—or by the children themselves if they have achieved their majority. The parent is merely the conduit, the nominal plaintiff. The applicable statute of limitation as to the children's part of the claim in the action brought by the injured parent or, when that is not possible, in the action brought for the children in some other manner, should be the statute applicable to minors. That is section 614.8.

We thus answer the federal court's second question also in the affirmative.

CERTIFIED QUESTIONS ANSWERED.