Carol S. NELSON, Appellant,

v.

Rickey L. LUDOVISSY and James E. Poppe, Appellees.

Kevin H. NELSON, Appellant,

v.

Rickey L. LUDOVISSY and James E. Poppe, Appellees.

Nos. 84–765, 84–1245.

Supreme Court of Iowa.

May 22, 1985.

John Q. Swift of Swift & Swift, Manchester, for appellants.

David J. Dutton and Bruce L. Braley of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON and CARTER, JJ.

CARTER, Justice.

In consolidated appeals, the appellants, who are the adult children of a man injured in a collision between a truck and a farm tractor he was operating, challenge the district court's decision that they lack capacity to sue in their own name for loss of parental services and support. For reasons hereafter discussed, we reverse the district court.

On April 8, 1982, Hans Nelson was injured when his farm tractor collided with a truck driven by defendant Rickey Ludovissy and owned by defendant James Poppe. On March 2, 1984, Hans Nelson and his wife Lucille Nelson commenced an action against defendants seeking damages for Hans's injuries and also seeking damages for lost services and support to Lucille and Hans's children who were minors at the time of the commencement of the action. No claim was made in this action for lost services and support on behalf of the Nelson children who were adults.

Appellant Kevin Nelson, who is Hans and Lucille Nelson's son, and was an adult at the time of Hans's injury on April 8, 1982, commenced an action against defendants on March 8, 1984, seeking to recover damages for loss of his father's services and support as a result of defendants' negligence in causing the collision. His petition did not allege his age or date of birth. On the same day, appellant, Carol Nelson, Hans and Lucille's daughter, commenced an action making a similar claim. Her petition recited her date of birth which revealed that she was a minor at the time of the April 8, 1982 collision, but had attained her majority prior to bringing the action against defendants.

The defendants each moved to dismiss the claims in these actions on the ground that Kevin and Carol lack capacity to sue on these claims. These motions to dismiss were granted by the district court on May 1, 1984. On May 9, 1984, both Kevin and

Carol amended their petition so as to allege that "it is not feasible to join ... this claim with the injured person's action." In addition, Kevin alleged in his amendment to petition that he was an adult at the time of the injuries for which claim is being made.

On May 22, 1984, defendants filed a special appearance, alleging that the district court's order granting their motion to dismiss was a final judgment terminating the action and that, therefore, the court was without jurisdiction to further consider these claims, including the allegations contained in the amendments to petition. The district court sustained each of these special appearances on July 2, 1984. These appeals are from that order but also seek to review a claim of error by the district court in sustaining defendants' motion to dismiss based on lack of appellants' capacity to sue.[1] Other facts and circumstances which bear upon the issues to be determined on appeal will be discussed in connection with our consideration of the legal questions which are presented.

At the outset, we note a partial confession of error on the part of the defendants. They concede for purposes of this appeal that Kevin and Carol were entitled to plead over as of right following the granting of defendants' motions to dismiss and that their amendments were timely. As a result, defendants acknowledge that their special appearances, which claimed that the district court was without jurisdiction to further consider the case, were without basis in law.

Rather than conceding that the district court's ruling on the special appearances requires a reversal of the case for further proceedings in the district court, the defendants urge us to (1) treat the special appearances as renewed motions to dismiss; (2) hold that the amendments did not affect the validity of the district court's determination that Kevin and Carol lacked capacity to sue; and (3) terminate the action against defendants on this basis.

While ordinarily we would not base our disposition on an issue not raised in the district court, we temper this reluctance somewhat in the present case for two reasons. First, the capacity to sue issue was considered by the district court in its prior ruling on the motion to dismiss. That ruling would substantially affect further proceedings in the court below if the case were simply reversed on the special appearance ruling, and, for this reason, we believe, it is expeditious to review it at this time.

In addition, in Carol's action, we have granted permission to appeal in advance of final judgment from the earlier dismissal order irrespective of the validity of the order on special appearance from which her appeal as of right was taken. Because the issue concerning the earlier dismissal is the same as to both plaintiffs and will affect further proceedings in an identical manner, we consider it without regard to whether it is properly raised in both appeals.

In sustaining the motions to dismiss, the district court relied on the statement contained in *Audubon-Exira Ready Mix, Inc. v. Illinois Cent. Gulf R.R.*, 335 N.W.2d 148, 152 (Iowa 1983), indicating that, "[i]n the case of a parent's injury, the injured parent is the proper party to recover for the child under [Iowa Code] section 613.-15." Appellants in the present case contend that, to the extent section 613.15 designated the injured parent as the proper party to prosecute the child's claim for loss of services and support, this is only a statutory "next friend" designation applicable to minor children. The statute should not, they urge, be interpreted as proscribing adult children from suing in their own name to obtain the recovery which, by law, belongs to them.

Although a portion of the *Audubon-Exira* holding deals specifically with the right of adult children to be compensated for loss of a parent's society and companionship, *id.* at 152, it does not indicate any distinction between adult children and minor children

---

1. In Carol's action, we also granted the right to appeal the latter issue in advance of final judg- ment.

in the application of those provisions of section 613.15 which govern who shall bring the action. Nor is any distinction between adult children and minor children recognized for this purpose in our later decision of *Madison v. Colby*, 348 N.W.2d 202 (Iowa 1984), which approves the injured parent bringing the statutory action for loss of services, although the recovery belongs to the child. *Id.* at 208–09.

Some recognition of a right on the part of adult children to bring such claims in their own name is contained in *Beeck v. S.R. Smith Co.*, 359 N.W.2d 482, 487 (Iowa 1984). The *Beeck* decision was a response under Iowa Code chapter 684A to a certified question of law submitted by a federal district court. The certified question concerned whether, when a parent is injured during the period of a child's minority, the period of limitations for bringing an action to recover for the child's loss of parental society and companionship is extended as in other types of claims brought on behalf of minor children. The question involved interpretation of Iowa Code section 614.8.

In answering the certified question in the affirmative, we reiterated our conclusions in *Audubon-Exira* and *Madison* that "the children's claim is in reality their own claim." *Beeck*, 359 N.W.2d at 486. In further discussing the nature of the children's interest, we stated:

> The children's claim is prosecuted by the injured parent and in conjunction with the parent's own case, whenever feasible, not because the claim is in the parent but rather to reduce a multiplicity of suits and the possibility of double recovery. Indeed, if prosecution of the children's claims with the parent's claim is unfeasible, the children's claim may be brought by them through a next friend—or by the children themselves if they have achieved their majority. The parent is merely the conduit, the nominal plaintiff.

*Id.* at 487.

This statement from the *Beeck* decision was not essential to the holding in that case. The certified question did not relate to who were proper parties to sue. Certainly, however, much of the quoted statement represents a correct statement of principles to be gleaned from our prior case law on this issue. The opportunity to apply these principles to a case where capacity to sue is directly placed in issue allows us to sharpen the focus of the inquiry.

In *Beeck* two separate and distinct doctrines are discussed simultaneously, a circumstance which tends to mask the distinctions to be observed in their application. These doctrines are: (1) the required joinder, where feasible, of the child's claim with the parent's claim; and (2) the feasibility of requiring the action to be prosecuted by and in the name of the parent. The first doctrine involves joinder of multiple claims in a single action. Its genesis is found in *Weitl v. Moes*, 311 N.W.2d 259, 270 (Iowa 1981), as a corollary to the right of a minor child to maintain an independent action for loss of parental services.

■ The independent claim for loss of services recognized in *Weitl*, and since abrogated, was not derived from section 613.15 and, as a result, was not subject to the provisions of that statute limiting the person who may bring the action. Because an injured parent may have several children, the plurality decision in *Weitl* was concerned with the enhanced potential for multiple actions growing out a single injury. In an effort to curtail this undesirable possibility, the plurality opinion in *Weitl* provided:

> [B]ecause of the multiplicity of litigation that could otherwise result when an injured parent has a number of children, we condition our recognition of the child's cause of action on a requirement that the child's claim be joined with his injured parent's claims whenever feasible.

*Id.* at 270.

■ When the child's independent claim under *Weitl* was abrogated in *Audubon-Exira*, child-parent consortium claims once again fell under section 613.15. This made such claims subject to the mandates of that statute concerning who could main-

tain the action. While such identity of plaintiffs substantially limits the potential for separate actions, it does not completely eliminate that possibility. Accordingly, we have continued to maintain the requirement of joinder wherever feasible. *Madison*, 348 N.W.2d at 209.

The second doctrine involved in the quotation from *Beeck* concerning the right of adult children to sue in their own name involves the extent to which we recognize exceptions to the limitations which section 613.15 places on who may bring an action under that statute. This is a different issue from the feasibility of joining claims in a single action. This situation arises where it is not possible, practicable, or in the best interest of the beneficial owner of the claim that the person designated by section 613.-15 maintain the action. Although the factors which affect this determination may in some cases be similar to those which bear upon feasibility of joinder, the issues are in fact quite dissimilar. There may be cases where joinder of claims is feasible, yet it is not in the best interests of a minor or adult child that the injured parent bring or control the action.

In applying the teachings of *Audubon-Exira, Madison,* and *Beeck* to the present case, we must reject appellants' claim that adult children may pursue consortium and loss of support claims under section 613.15 in their own names as a matter of right. The statute expressly provides that "recovery for these elements of damage may not be had by the ... children, as such, of any person who ... is entitled to recover same."[2] In order for either a minor or adult child to avoid this statutory proscription, we deem it necessary that the child must first establish to the court's satisfaction that it is impossible, impracticable or not in the child's best interest for the parent to maintain the action.

The required showing may be inferred from the circumstances. Where, as in the present case, the statutory plaintiff has already commenced an action omitting the claims of a child, it may be inferred that the statutory plaintiff has elected against representing the child's interests. Such circumstance will justify maintaining the action in the child's own name subject, however, to joinder with the parent's claim to the extent required by *Madison*. Because the issue is involved in the present actions, we conclude that for this purpose consolidation of pending actions is the equivalent of joinder.

Similarly, and again subject to the requirement of joinder with the parent's claim, we recognize that the rights of adult children to manage and control their own affairs requires that where disagreement arises over who shall control the course of the litigation, this circumstance alone should permit an adult child to maintain a claim under section 613.15 in the child's own name.

The district court erred in its ruling on defendants' special appearance, and this requires that its judgment be reversed. The case is remanded for further proceedings on plaintiffs' amended petitions consistent with our holdings in the present case. To the extent that further amendments to the pleadings may be desirable as a result of the matters determined on this appeal, such amendments should be freely granted by the district court.

REVERSED.

2. The appellants' real party in interest contention is limited by the interaction of section 613.15 and the second sentence of Iowa Rule of Civil Procedure 2:

> But an executor, administrator, guardian, trustee of an express trust; or a party with whom or in whose name a contract is made for another's benefit, *or a party specially authorized by statute,* may sue in his own name without joining the party for whose benefit the action is prosecuted.