STATE of Iowa, Appellee,

v.

Harry YAW, Appellant.

No. 85–645.

Supreme Court of Iowa.

Jan. 14, 1987.

Charles L. Harrington, Appellate Defender, Dory A. Sutker and Deborah A. Goins, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., James A. Smith, Co. Atty., and Gregory Biehler, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

Defendant Harry Yaw was charged with sexually abusing his two granddaughters, both under twelve years of age. Prior to trial, defendant's attorney deposed a number of state's witnesses, including the young victims. Defendant, who had been present throughout the depositions, requested permission to be excused from his granddaughters' depositions, stating that he had a headache and "did not want to hear their lies." Counsel advised him that his presence was not necessary and proceeded to examine the girls while the defendant waited in the adjoining hallway. The State elected not to cross-examine.

Despite counsel's repeated attempts to impeach and discredit the girls' testimony, the depositions consistently corroborated the minutes of evidence and revealed numerous incidents of sexual abuse of both girls by their grandfather over an extended period of time. In light of this damaging evidence, counsel for defendant made several unsuccessful attempts to negotiate guilty pleas to lesser charges. The State refused all such offers. As a minor concession at trial, however, the prosecutor stipulated to the admission of the girls' depositions in lieu of their live testimony. Jury trial was waived and the case was tried to the court.

Basing its decision primarily on the strength of the depositions, the trial court entered judgment convicting the defendant of two counts of second degree sexual abuse in violation of Iowa Code sections 709.1 and 709.3 (1983). Upon further review from the court of appeals reversal of these convictions, we vacate the decision of the court of appeals and affirm the trial court.

The issue raised on appeal is this: Was the defendant denied effective assistance of counsel when his attorney stipulated to the use of the alleged victims' depositions at trial without a waiver of defendant's right to confront witnesses against him? The court of appeals resolved the issue in the defendant's favor by ruling that although the ineffective assistance of counsel claim was not properly preserved in the trial court by defendant's motion for new trial, the defendant was plainly denied the

right to confront his accusers guaranteed by the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution. Our de novo review of the record, *Taylor v. State*, 352 N.W.2d 683, 684 (Iowa 1984), leads us to conclude that (1) the confrontation issue can only be reached via an ineffective assistance of counsel claim; (2) the issue was raised by the State and addressed by the trial court and thus is properly before this court on appeal; and (3) under the facts of this case, defense counsel's strategic decision to stipulate to the use of the depositions in lieu of the alleged victims' live testimony did not constitute "a denial of the accused's due process right to a fair trial, a fundamental miscarriage of justice, or an equivalent constitutional deprivation." *Id.* at 685 (quoting *State v. Miles*, 344 N.W.2d 231, 234 (Iowa 1984)).

▮▮▮ I. It is well settled in Iowa that objections to evidence must be raised at the earliest opportunity after the grounds for objection become apparent.. *State v. Sharkey*, 311 N.W.2d 68, 71 (Iowa 1981). Constitutional questions must be preserved in the same manner as any other issue. *State v. Johnson*, 272 N.W.2d 480, 484 (Iowa 1978). No "plain error" rule exists to allow appellate review of allegations and deprivation of constitutional rights without requiring preservation of error via timely and adequate objections at trial. *Id.*

The case before us is particularly illustrative of the need for a contemporaneous objection requirement. The State was prepared to present the testimony of the defendant's granddaughters who were waiting outside the courtroom ready to testify. Their appearance was not made simply because the defense stipulated to the admission of their depositions. The State was therefore denied the opportunity to correct any deficiency and the trial court was denied the opportunity to rule on the confrontation issue at a time when any error could have been avoided.

There is no question in this record that the confrontation issue was not preserved at trial. Defense counsel made no contemporaneous objection to the introduction of the depositions because he deliberately chose to stipulate to their admission. The only unanswered question is whether the defendant understood and knowingly waived his confrontation rights bypassed by such a strategic move. Assuming for the sake of argument that failure to lodge the confrontation objection constituted deficient performance by counsel and resulted in prejudice to the defendant, the issue would be properly raised and preserved by a post-trial claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

▮▮▮ The pleadings filed in this case reveal that defendant's post-trial counsel relied on the confrontation cause claim in his motion for new trial and did not specifically raise the ineffective assistance of counsel issue. On this basis, the court of appeals held that error was not preserved on the ineffective assistance of counsel claim and proceeded to rule on the confrontation clause claim raised for the first time in the motion for new trial. However, our review of the record discloses that the same facts which gave rise to the confrontation claim also raised the ineffective assistance of counsel issue. Those matters were examined in a post-trial evidentiary hearing, addressed by counsel in post-trial briefs and were ultimately considered by the trial court in its ruling. In prior cases we have considered issues not raised at trial if they were tacitly considered or if it would be expeditious to review them. *Nelson v. Ludovissy*, 368 N.W.2d 141, 144 (Iowa 1985). We reject the application of a "plain error" standard of review for the reasons previously stated and conclude that the issue of ineffective assistance of counsel has been sufficiently preserved to consider it now on appeal.

▮▮▮ II. The two-pronged legal standard by which we measure defendant's claim of ineffective assistance of counsel is well established and may be simply stated: (1) that counsel failed to perform an essential duty and (2) that prejudice resulted. *State*

*v. Kraus,* 397 N.W.2d 671, 673 (Iowa 1986); *Taylor v. State,* 352 N.W.2d 683, 685 (Iowa 1984); *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981). It is claimant's burden to prove both of these elements by a preponderance of the evidence. *Taylor,* 352 N.W.2d at 685 (citing *Sallis v. Rhoads,* 325 N.W.2d 121, 122 (Iowa 1982)).

 In deciding whether trial counsel's performance was deficient, we require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently. *Fryer v. State,* 325 N.W.2d 400, 413–15 (Iowa 1982); *Hinkle v. State,* 290 N.W.2d 28, 30–31 (Iowa 1980). Defendant Yaw must overcome a presumption that counsel is competent. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674, 693–94 (1984).

 Guided by these principles, we turn to the merits of defendant's claim. Defendant argues that trial counsel's stipulation to use of the victims' depositions at trial denied him effective assistance of counsel because the stipulation was entered into without first obtaining a valid waiver of his right to confront witnesses against him. In support of this contention, defendant relies on *State v. Turner,* 345 N.W.2d 552 (Iowa Ct.App.1983).

*Turner* involved a defendant charged with first-degree robbery of a convenience store. Prior to trial, defense counsel agreed to depose the store clerk who witnessed the robbery in order to perpetuate his testimony for trial. The deposition was stipulated as a convenience to the clerk, a serviceman who was to be stationed out of the country at the time of trial. Counsel did not notify defendant that the deposition would be taken, however, and consequently defendant was not present. Defense counsel did not object to the subsequent introduction of the deposition as evidence at trial because he believed the clerk would be an excellent witness whose presence at trial would be detrimental to the defendant. *Id.* at 555.

Relying on our holding in *State v. Foster,* 318 N.W.2d 176, 179 (Iowa 1982) that "stage of the trial" as used in Iowa Rule of Criminal Procedure 25(1) includes "all pretrial and post-trial proceedings when fact issues are presented," the court of appeals in *Turner* held that a deposition where testimony is taken for introduction at trial is a stage of trial within the meaning of rule 25(1). *Turner,* 345 N.W.2d at 559. Concluding that defendant's right to be present at this "stage of trial" was a decision of constitutional magnitude which could not be waived by an attorney (citing *Foster,* 318 N.W.2d at 178–79) and was designed to protect the defendant's right of confrontation, the court of appeals held that the defendant's conviction must be reversed in the absence of a finding by the trial court that the defendant had knowingly, intelligently and voluntarily waived his right to be present *at the taking of the deposition. Turner,* 345 N.W.2d at 559.

We are convinced that defendant Yaw's reliance on *Turner* is misplaced. Unlike defendant Turner, Yaw was given an opportunity to confront his accusers and voluntarily elected not to do so. The record is uncontroverted that Yaw, knowing that he had a right to be present at all the depositions, specifically expressed a desire to absent himself from the depositions of his granddaughters.

Even if we assume, for the sake of argument, that defendant would not have waived his presence had he known the depositions were to be introduced into evidence, his claimed breach of an essential duty still fails. The essence of his claim is that his counsel failed to protect his fundamental right to confront the witnesses against him. We have recently observed that confrontation is primarily guaranteed "for the purpose of cross-examination, which cannot be had except by the direct and personal putting of questions and obtaining immediate answers." *State v. Coy,* 397 N.W.2d 730, 733 (Iowa 1986) (citing *State v. Strable,* 313 N.W.2d 497, 500 (Iowa 1981)). *See also Lee v. Illinois,* —— U.S. ——, ——, 106 S.Ct. 2056, 2062, 90 L.Ed.2d 514, 525–26 (1986); *Delaware v.*

*Van Arsdall,* —— U.S. ——, ——, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674, 682–83 (1986); *State v. Holland,* 389 N.W.2d 375, 378–79 (Iowa 1986); *State v. Davis,* 269 N.W.2d 434, 438 (Iowa 1978).

The record on this point speaks for itself. Counsel's deposition examination of the girls was lengthy, searching, and detailed, characteristic of cross-examination designed to impeach and discredit their testimony. Although the defendant was not given an opportunity to read the depositions (in fact the record reveals that his impaired eyesight would have precluded him from doing so), their impact was discussed with him by counsel and at no time did defendant express a desire to question the girls further. At trial, when the stipulation of the parties was made part of the record in his presence, defendant neither questioned nor objected to the proposed procedure.

Finally, we are persuaded that defendant's claim of prejudice is speculative at best. There is no evidence in this record to support defendant's claim that but for trial counsel's alleged unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. at 696, 104 S.Ct. at 2069, 80 L.Ed.2d at 699. Trial counsel testified at the post-trial hearing that he had no reason to believe the victims "would have deviated from their prior testimony." Neither has defendant suggested any possible change in testimony. He baldly asserts that had he been more familiar with the girls' testimony, he would have refuted their allegations by persuading the court that he was not at home when the alleged incidents took place. But our de novo review of the trial transcript reveals that this was in fact the essence of his testimony at trial, an explanation found unconvincing by the trial court.

In summary, we are satisfied that counsel's strategic choice of allowing bare transcripts to be considered by the court in lieu of the live testimony of the defendant's young granddaughters was a sound tactical decision well within the range of reasonable professional competence expected from an attorney defending a client against a claim of sexual abuse. We find no error by the trial court in allowing the introduction of the depositions upon the stipulation of counsel.

DECISION OF COURT OF APPEALS VACATED AND JUDGMENT OF DISTRICT COURT AFFIRMED.