**Paul Louis ROQUET, a Minor, by his Father and Next Friend, Louis ROQUET, Plaintiff,**

v.

**JERVIS B. WEBB COMPANY, Defendant.**

No. 88–908.

Supreme Court of Iowa.

Feb. 22, 1989.

James E. Walsh, Jr. and Bruce L. Gettman, Jr. of Clark, Butler, Walsh & McGivern, Waterloo, for plaintiff.

E.R. McCann and Jim D. DeKoster of Swisher & Cohrt, Waterloo, for defendant.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and SNELL, JJ.

SCHULTZ, Justice.

The central issues of this case arise out of a minor's suit for loss of his father's consortium due to injuries inflicted on his father by defendant. The father's injuries occurred when the child was a viable fetus and before we permitted such a cause of action in *Weitl v. Moes*, 311 N.W.2d 259 (Iowa 1981). The father's own claim was resolved by settlement prior to *Weitl*.

The federal district court has certified three questions of law to this court. *See* Iowa Code chapter 684A; Iowa R. of App. P. 451–61. The questions are: (1) Whether the decision in *Weitl v. Moes* will be applied retrospectively where the injured parent's claims have been concluded by settlement and release on a date prior to filing the decision in *Weitl;* if answered in the affirmative; (2) whether a viable fetus on the date of the accident is a child for purposes of asserting a parental consortium claim; and (3) all other issues as the Supreme Court of Iowa may perceive are involved with respect to the record presented or to be made. Because we conclude that the answer to question (1) is in the negative, we proceed no further.

On February 8, 1978, Louis Roquet had an industrial accident in which both legs were amputated. Six weeks later, on March 30, 1978, he had a son, plaintiff Paul Louis Roquet. Three months later, the plaintiff's parents and the defendant, Jervis B. Webb Company, entered into a settlement agreement. Plaintiff was not a party to the agreement.

In October of 1981, this court, in a plurality decision, recognized a child's independent cause of action for loss of parental consortium. *Weitl v. Moes*, 311 N.W.2d at 270. Since then, we have considerably modified this rule. We rejected the independent cause of action concept, holding instead that this cause of action was derived from Iowa Code section 613.15[1] and was to be commenced by the injured parent or the parent's estate. *Audubon–Exira Ready Mix, Inc. v. Ill. Cent. Gulf R.R.*, 335 N.W.2d 148, 152 (Iowa 1983); *see also Madison v. Colby*, 348 N.W.2d 202, 208 (Iowa 1984). However, we retained the ownership of the proceeds in the child. *Audubon–Exira*, 335 N.W.2d at 152; *Beeck v. S.R. Smith Co.*, 359 N.W.2d 482, 486 (Iowa 1984). We also tempered the requirement of the proper party to bring the action by acknowledging that it may not always have been feasible for a parent or parent's estate to bring the action because *Weitl* had not yet been decided. *Beeck*, 359 N.W.2d at 486; *Madison*, 348 N.W.2d at 209 (if action brought separately, the burden is on the consortium claimant to show joinder was not feasible); *see also Nelson v. Ludovissy*, 368 N.W.2d 141, 146 (Iowa 1985) (adult children may bring the action if it is impossible, impractical or not in the child's best interest for the parent to maintain the action). Although we gave retroactive application to parental consortium actions, we specifically reserved the question now before us of retroactivity when the parent's claim for injuries "went to judgment or was settled before the instant litigation was commenced." *Beeck*, 359 N.W.2d at 485.

Plaintiff opines that our retroactive application of the *Weitl* rule on parental consortium should be unaffected by a prior settlement or release of the parent's claim. He argues that a settlement by the parent is insignificant because neither the agree-

1. This section of the code has not been amended since 1965.

ment, nor the release, mentions children or their rights. He further urges that no consideration was given for the rights that plaintiff had or may have had at the time of the February 19, 1978, injury to his father. Plaintiff finally asserts that the same policy reasons relied upon in our decision to apply *Weitl* retroactively apply to the present case when there was a prior settlement.

In *Beeck*, we examined the retrospective application of the *Weitl* parental consortium rule by applying a three-factor test derived from the United States Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed. 2d 296, 306 (1971) (test adopted to determine retroactivity). The factors considered are:

> (1) The holding must establish a new principle of law; (2) the merits and demerits in each case must be weighed by looking to the history of the rule in dispute, its purpose and effect, and whether retrospective operation will further or retard the rule's operation; (3) retrospective application must create the risk of producing substantially inequitable results.

*See Beeck*, 359 N.W.2d at 484. After applying this test, we rejected prospective only application of the rule. However, we specifically reserved the issue presented in these circumstances of the parent's claim for injuries having gone to judgment or being settled before the instant litigation was commenced. *Beeck*, 359 N.W.2d at 485.

In determining the reserved issue, the same test is applicable. As we indicated in *Beeck*, the law on parental consortium had been in a state of flux. The rule announced in *Weitl* clearly announced a new and clear principle of law. *Beeck*, 359 N.W.2d at 484. The first factor in the test is therefore clearly met.

The second factor presents more difficulty. Here we must examine the history of creating the parental consortium cause of action, its purpose and effect. Prior to *Weitl*, we held that children did not have an independent cause of action for loss of parental consortium. *Hankins v. Derby*, 211 N.W.2d 581, 585–86 (Iowa 1973). We made it clear that section 613.15 permits the parent to recover for all of the damage elements which the child can now assert. *Id.* at 585–86. *Weitl*, as it has been subsequently modified and explained by *Audubon–Exira, Madison* and *Beeck*, provides the child with a clear right to the ownership of the parental consortium claim proceeds and the right to bring a separate action under limited circumstances. The parental consortium action remains a recovery under section 613.15, which had been previously recognized as a part of the parent's claim. *See Hankins*, 211 N.W.2d at 585–86 (citing *Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 664–65 (Iowa 1969)).

The purposes of these limited changes in *Weitl* and its progeny are two-fold. First, we secured to the injured party the right to the proceeds. Second, we created greater certainty for the proper parties, procedures and substantive law governing the cause of action.

With this history, purpose and effect in mind, the relevant question is whether retrospective application of the rule will further or retard its operation. Allowing a cause of action after settlement would insure that the child obtain the portion of the settlement attributable to the loss of parental consortium. On the other hand, the parent's settlement was well after our ruling in *Hankins*, which insured recovery of these same benefits. While the child may not have received the direct settlement benefits, by receiving parental support, he indirectly benefited from the settlement. As to the procedures and parties, we fail to see any cogent reasons to favor a retroactive application of the rule. As a whole, we believe that the second factor does not require retroactive application of the newly acquired rights of the child.

The third factor to be considered concerns equitableness. The plaintiff claims that it would be unfair to not allow him to bring his cause of action to recover for his damages. Defendant, on the other hand, asserts that it has already settled with the

father and, under the *Hankins* doctrine, has already made payment of the sums that plaintiff now claims. It urges that a retroactive application would amount to a double payment. Defendant also claims that it should have a right to rely upon its previous settlement and not be forced to reopen its file years later to defend this case.

The Alaska Supreme Court has also decided this problem based on the equities involved. After recognizing a minor child's independent cause of action for loss of parental consortium, it allowed retroactive application of this rule by applying a test similar to our *Beeck* test. *Truesdell v. Halliburton Co.*, 754 P.2d 236, 241 (Alaska 1988). However, the Alaska court limited the retroactive application of its rule, giving prospective only application to cases when the parent's actions had already been decided or settled. *Id.* at 241–42. The Alaska court reasoned that this limited prospective application of the rule would "avoid a multiplicity of suits stemming from the same accident" and further avoid "the risk of double recovery." *Id.* at 243.

We agree with the reasoning of the Alaska court. The equities weigh in favor of a prospective only application. The purposes for a parental consortium claim are not thereby destroyed by refusing a retroactive application in this narrow circumstance.

In summary, we hold that the decision in *Weitl* will not be applied retroactively when the injured parent's claims have been concluded by settlement or release on a date prior to the filing of the decision in *Weitl*. As we have answered this question in the negative, we need not proceed to the additional questions.

CERTIFIED QUESTIONS ANSWERED.