# In the Iowa Supreme Court

No. 24–2034

Submitted January 20, 2026—Filed May 29, 2026

**Michelle Bunce,** by and through **Thomas C. Bunce** as guardian, conservator, and individually, and **Victoria Bunce,**

Appellees,

vs.

**Calvin Hansen, Pradeep Panuganti, Seenaiah Byreddy, Mohammad Alsharabati, Iowa Physicians Clinic Medical Foundation** d/b/a **UnityPoint Clinic** and **Methodist Plaza Specialty, Central Iowa Hospital Corporation** d/b/a **Iowa Methodist Medical Center; Iowa Health System** d/b/a **Iowa Methodist Medical Center,**

Appellants.

Appeal from the Iowa District Court for Polk County, Paul D. Scott, judge.

The defendants in a medical malpractice action were granted interlocutory appeal of a ruling that denied their motion for dismissal with prejudice under Iowa Code section 147.140(6). **Reversed.**

Waterman, J., delivered the opinion of the court, in which Christensen, C.J., and May, J., joined. Mansfield, J., filed an opinion concurring in the judgement. McDermott, J., filed an opinion concurring in the judgement, in which Oxley, J., joined. McDonald, J., took no part in the consideration or decision of the case.

Jack Hilmes, Erik P. Bergeland, Joseph F. Moser, Jeffrey R. Kappelman, and Jacob T. Wassenaar of Finley Law Firm, P.C., Des Moines, for appellants.

Scott M. Wadding and Matthew G. Sease of Sease & Wadding, Des Moines, for appellees.

**Waterman, Justice.**

We granted an interlocutory appeal in this medical malpractice action after the district court denied the defendants' motion to dismiss under Iowa Code section 147.140 (2021). We held in *Miller v. Catholic Health Initiatives–Iowa, Corp.* that section 147.140 unambiguously requires a plaintiff's certificate of merit (COM) to be signed by the expert under oath or penalty of perjury. 7 N.W.3d 367, 375 (Iowa 2024). The defendants, relying on *Miller*, challenged the plaintiffs' original COM, which lacked a jurat or statement that it was signed under penalty of perjury. The district court denied the defendants' motion on three grounds urged by the plaintiffs: (1) that *Miller* applied only prospectively and not to their previously filed COM; (2) that the defendants waived their challenge to the COM by waiting three years to file their motion to dismiss; and (3) that the plaintiffs substantially complied with section 147.140 based in part on a subsequent affidavit filed by their expert, in which he explained that when he signed the original COM he "knew he was under oath and subjecting himself to the penalty of perjury."

On our review, we reverse the district court's ruling on the first ground for the reasons explained below, and applying *Rarick v. Smidt*, ___ N.W.3d ___, ___, 2026 WL 1441855, at *5–7 (Iowa May 22, 2026), we reverse on the second and third grounds. We remand the case for entry of an order dismissing this action with prejudice under section 147.140(6).

### I. Background Facts and Proceedings.

The following facts are alleged in the plaintiffs' petition. On January 27, 2019, Michelle Bunce visited the emergency room at Iowa Lutheran Hospital in Polk County, complaining of severe headaches and vomiting. She was given antimigraine medications and sent home. On February 1, she was seen for the

same symptoms at Mercy Hospital and again was given antimigraine medications and sent home.

The next day, Michelle went to the emergency room at Iowa Methodist Medical Center after experiencing an altered mental state and suffering a seizure at her home. Because her condition was deteriorating, she was admitted to that hospital. Despite numerous tests, the physicians did not reach a diagnosis, and her condition worsened.

Relying on magnetic resonance imaging (MRI), the doctors theorized that Michelle had some form of meningitis or encephalitis. Although their differential diagnosis included posterior reversible encephalopathy syndrome (PRES) and reversible cerebral vasoconstriction syndrome (RCVS), the treating physicians noted that the "[i]maging appearance [was] atypical for PRES," making such a diagnosis "less likely."

On February 4, Michelle underwent a computed tomography (CT) angiography to image the blood vessels in her head and neck. The scan revealed several arterial irregularities consistent with PRES and RCVS. Despite these indications, treating doctors decided to perform a brain biopsy to rule out cerebral vasculitis.

On February 8, doctors performed the biopsy. The next day, they found that Michelle's brain was bleeding at the biopsy site. Over the next several days, her condition worsened, and she was transferred to the Mayo Clinic in Rochester, Minnesota. At Mayo, doctors diagnosed Bunce with PRES and RCVS. Allegedly due to the delays in treatment in Iowa, Michelle suffered permanent brain damage and spastic quadriparesis. She is wheelchair-bound and requires constant skilled nursing care.

Michelle's husband, Thomas Bunce, was appointed Michelle's guardian and conservator. On February 1, 2021, he filed this medical malpractice action

against the Iowa physicians and hospitals that had treated her in 2019. The petition sought damages for Michelle, Thomas, and their daughter, for her loss of parental consortium. The petition was accompanied by a COM signed by Dr. Rajat Dhar, who opined that the defendant doctors breached the standard of care. The COM begins with this prefatory wording: "The undersigned, being first duly sworn on oath, deposes and states as follows," and concludes, "The above information is true and correct to the best of my knowledge and belief."

This COM lacked a jurat or wording that it was signed "under penalty of perjury." It is undisputed that no qualified officer or other person administered an oath to Dr. Dhar for that COM in 2021. The defendants answered the Bunces' petition, denying the allegations of negligence. The defendants did not challenge the COM at that time. The parties agree that expert testimony is required in this case. The parties proceeded with discovery. The plaintiffs timely disclosed Dr. Dhar's opinions under Iowa Code section 668.11, and defense counsel subsequently deposed him.

Our court decided *Miller* three years after Dr. Dhar's COM and after Dr. Dhar was deposed. On May 24, 2024, we held that section 147.140 unambiguously requires the COM to be signed by the plaintiffs' expert under oath or penalty of perjury. *Miller*, 7 N.W.3d at 375. On June 15, the plaintiffs filed an amended, notarized COM signed under oath by Dr. Dhar before a third party, as shown on a jurat. The same day, the plaintiffs filed a separate affidavit by Dr. Dhar asserting that when he signed his first COM in 2021, he "firmly believed and understood that [he] was under oath . . . and made [his statements] under the penalty of perjury." On June 27, relying on *Miller*, the defendants moved to dismiss the Bunces' petition with prejudice under section 147.140(6) on grounds that Dr. Dhar's COM filed in 2021 did not substantially comply with the statute. The plaintiffs resisted, arguing that *Miller* should be applied only

prospectively, that the defendants waived any challenge to the 2021 COM by litigating the case for years, that the 2021 COM substantially complied with section 147.140 on its face and as shown by Dr. Dhar's 2024 affidavit testimony, and that section 147.140 is unconstitutional. The district court denied the defendants' motion for the first three reasons urged by the plaintiffs, without reaching the plaintiffs' constitutional challenges to section 147.140. We granted the defendants' application for interlocutory appeal and retained the case.

**II. Standard of Review.**

"We review rulings on motions to dismiss under Iowa Code section 147.140(6) and the district court's statutory construction for correction of errors at law." *Miller*, 7 N.W.3d at 372 (quoting *Est. of Fahrmann v. ABCM Corp.*, 999 N.W.2d 283, 286 (Iowa 2023)).

**III. Analysis.**

The district court was one of the first to adjudicate a motion to dismiss after *Miller*. As we explain below, we reverse the district court's ruling that *Miller* applied only prospectively. And we reverse the district court's denial of defendants' motion to dismiss on grounds of waiver and substantial compliance based on the controlling precedent, *Rarick*, ___ N.W.3d at ___, 2026 WL 1441855, at *5–7.

**A. Does *Miller* Apply Only Prospectively?** This appeal presents our first opportunity to address the argument that *Miller* applies only prospectively and thus cannot be used by defendants to challenge noncompliant COMs filed before our court decided *Miller*. The district court ruled that it would be inequitable to apply *Miller* in this case, stating, "Because of *Miller*, valid, meritorious negligence claims, like those before the court today, would be dismissed if *Miller* is not applied prospectively." The district court relied on the "*Chevron*" test we adopted in *Beeck v. S.R. Smith Co.*, 359 N.W.2d 482, 484 (Iowa 1984). The district court

misapplied *Beeck*. Our decisions interpreting Iowa Code section 147.140 apply to pending cases, including this one, regardless of when the challenged COM was filed.

We reiterate that "judicial decisions generally operate retroactively and prospectively, and we apply the law to a case that exists at the time the case comes before us." *Casey's Gen. Stores, Inc. v. Blackford*, 661 N.W.2d 515, 525 (Iowa 2003). This general rule applies when we interpret a statute for the first time because our construction "is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *State ex rel. Miller v. Pace*, 677 N.W.2d 761, 772 (Iowa 2004) (quoting *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312–13 (1994)). That general rule applies to this appeal and mandates reversal of the district court's ruling on this issue.

Under limited circumstances, our court may hold "that a particular overruling decision should in fairness have only prospective application." *Beeck*, 359 N.W.2d at 484. "First, the decision to be applied nonretroactively must establish a new principle of law . . . ." *Id.* (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106 (1971)); *see also N. River Ins. v. Iowa Div. of Ins.*, 501 N.W.2d 542, 546–47 (Iowa 1993) (declining to apply *Chevron* test to our decision that applied existing law without overruling precedent). We conclude that the threshold requirement for the *Chevron* test is not met here. *Miller* did not overrule precedent or otherwise "establish a new principle of law" but rather "simply enforced the statutory [affidavit] requirement that had been in effect since section 147.140's enactment in 2017." *Tarbox ex rel. S.K. v. Obstetric & Gynecologic Assocs. of Iowa City & Coralville, P.C.*, 13 N.W.3d 546, 570 n.5 (Iowa 2024) (Waterman, J., concurring). The district court erred by ruling that *Miller* operates only prospectively. The "inequity" cited by the district court

results from operation of the statute, not from our court's application of the statute's unambiguous text in *Miller*.

**B**. **Did the Defendants Wait Too Long to Challenge the Certificate of Merit?** The district court ruled that the defendants impliedly waived their challenge to the COM by litigating the case for several years before filing their motion to dismiss under section 147.140(6). We apply *Rarick* to reverse that ruling because the defendants timely filed their motion to dismiss under section 147.140 prior to the district court's dispositive motion deadline. *See Rarick*, ___ N.W.3d at ___, 2026 WL 1441855, at *5.

**C. Did the 2021 Certificate of Merit Substantially Comply with Section 147.140?** The district court ruled that Dr. Dhar's 2021 COM substantially complied with Iowa Code section 147.140. We apply *Rarick* to hold that the original COM lacking a jurat or penalty of perjury language did not substantially comply with the statute, nor did the subsequent untimely COM substantially comply. *See id.* at ___, 2026 WL 1441855, at *6–7.

**IV. Disposition.**

For these reasons, we reverse the district court's ruling that denied the defendants' motion to dismiss under Iowa Code section 147.140. We remand the case for entry of an order dismissing this action with prejudice under section 147.140(6).

**Reversed.**

Christensen, C.J., and May, J., join this opinion. Mansfield, J., files an opinion concurring in the judgement. McDermott, J., files an opinion concurring in the judgement, in which Oxley, J., joins. McDonald, J., takes no part.

**Mansfield, Justice (concurring in judgment).**

I adhere to my views as stated in *Rarick v. Smidt,* ___ N.W.3d ___, ___, 2026 WL 1441855, at *12–20 (Iowa May 22, 2026) (Mansfield, J., dissenting), that the actions taken in this case substantially comply with Iowa Code section 147.140 (2021). However, I recognize that this issue has received a full hearing before our court, and a majority of its members have taken a different view. To avoid an inconsistent result, I concur in the judgment in this case.

**McDermott, Justice (concurring in the judgment).**

I adhere to the view stated in my dissents in *Rarick v. Smidt*, ___ N.W.3d ___, ___, 2026 WL 1441855, at *20–22 (Iowa May 22, 2026) (McDermott, J., dissenting), and *Banwart v. Neurosurgery of North Iowa, P.C.*, 18 N.W.3d 267, 278–84 (Iowa 2025) (McDermott, J., dissenting), that the certificates of merit in this case substantially comply with Iowa Code § 147.140 (2021), and I will not repeat here the reasons for that view. But, like Justice Mansfield, I recognize that this issue has received a full hearing before our court, and a majority of its members have taken a different view. To avoid an inconsistent result, I concur in the judgment in this case.

Oxley, J., joins this concurrence in the judgment.